[No. 16418-3-II.    Division Two.    May 3, 1995.]

NANCY PECHMAN, *Appellant*, v. THE EMPLOYMENT SECURITY DEPARTMENT, *Respondent*.

*Eric R. Hansen,* for appellant.

*Christine O. Gregoire, Attorney General,* and *Karl F. Hausmann, Assistant,* for respondent.

HOUGHTON, A.C.J. — Nancy Pechman appeals from a denial of unemployment benefits, arguing violation of her right to equal protection under the state and federal constitutions. We reverse.

## FACTS

Nancy Pechman was employed by La Center School District (La Center) as a full-time teacher for 8 years. Her employment ended June 10, 1990, when she was terminated for reasons not apparent in the record. Pechman was subsequently employed as a substitute teacher on an "on-call" basis by the Evergreen School District (Evergreen), beginning in October 1990.[1]

Based upon her full-time employment at La Center, Pechman received unemployment benefits from August 1990 through June 29, 1991. The amount of her benefits was reduced by the amounts she received from her substitute teaching positions.

---

[1]Pechman was also employed by the Bethel School District as a substitute teacher on an "on-call" basis, beginning in March 1991, but this employment does not affect our analysis.

On January 17, 1991, a determination notice (holiday notice) issued by the Employment Security Department (ESD) informed Pechman that she was not entitled to unemployment benefits for the period between December 18, 1990, and January 1, 1991. The holiday notice stated that this was a "non-work period" under RCW 50.44.050(3), which reads:

Benefits shall not be paid based on any services described in subsections (1) and (2) of this section [including instructional services] for any week of unemployment which commences during an established and customary vacation period or holiday recess if such individual performs such services in the period immediately before such vacation period or holiday recess, and there is a reasonable assurance that such individual will perform such services in the period immediately following such vacation period or holiday recess.

Evergreen was in its customary holiday recess between December 18, 1990, and January 1, 1991.

Pechman appealed the holiday notice to an administrative law judge (ALJ), who affirmed, and to the Commissioner of ESD (Commissioner), who also upheld the holiday notice.

Pechman's last day of work for Evergreen during the 1990-1991 school term was June 28, 1991. At that time, her name was on Evergreen's active substitute teacher list. At her discretion, she could notify Evergreen that she wished to be retained on that list and reemployed as a substitute teacher for the 1991-1992 school term.

A second determination notice (summer notice), dated July 16, 1991, informed Pechman that she would be denied benefits beginning the week of June 10, 1991. According to ESD, Pechman received this denial because she "worked for an educational institution during" 1990-1991, and had "reasonable assurance" that she would again work "in the following academic year or term". The notice referenced RCW 50.44.050(1), which in pertinent part reads:

Benefits based on service in an instructional . . . capacity for an educational institution shall not be paid to an individual for any week of unemployment which commences during the period between two successive academic years or terms . . . if such individual performs such services in the first of such academic years or terms and if there is a contract or reasonable

assurance that such individual will perform services in any such capacity for any educational institution in the second of such academic years or terms.

The summer notice informed Pechman that she was disqualified from receiving benefits during the summer.

Pechman also appealed the summer notice. After a hearing, a second ALJ issued findings of fact and conclusions of law, determining that

[t]he question [is] . . . whether or not [Pechman was] between terms and therefore ineligible for benefits. Throughout the 1990-1991 school year, the claimant was receiving benefits due to [her former] employment with LaCenter. It does not make sense that the fact that Evergreen is between terms should interrupt her benefits from LaCenter. She is not eligible for benefits from the [ongoing, on-call] Evergreen employment, but it is concluded that she remains eligible for whatever remains of the benefits based on the LaCenter employment.

The ALJ set aside the ESD's determination that Pechman was not entitled to benefits during summer 1991.

Evergreen appealed this determination to the Commissioner. On October 31, 1992, the Commissioner issued a decision adopting the ALJ's findings and conclusions, except for conclusion 6. The Commissioner instead concluded that:

. . . under RCW 50.44.050, it does not matter that some of [Pechman's] benefits were based on employment with an educational institution [(La Center)] other than the educational institutions which were her most recent employers. Within the contemplation of RCW 50.44.050(1), [Pechman] performed instructional services during the 1990-1991 academic year . . .. She is squarely within the provisions of RCW 50.44.050(1).

The Commissioner then modified the ALJ's conclusion 6, concluding that Pechman was ineligible for benefits during summer 1991. The Commissioner also remanded to the Job Service Center for a determination of overpayment Pechman must return to ESD.

Pechman appealed both Commissioner decisions to superior court, which consolidated the appeals. The Superior Court took no testimony, but heard argument, considered briefing, and reviewed the record below. Both Commissioner decisions were upheld. Pechman appeals.

ANALYSIS

■■ We review the Commissioner's final decisions under RCW 34.05, the 1988 Administrative Procedure Act (APA). *Tapper v. Employment Sec. Dep't,* 122 Wn.2d 397, 402, 858 P.2d 494 (1993). We sit in the same position as the Superior Court, and apply the standards of the APA directly to the record before the agency. *Tapper,* at 402. To the extent the issues present mixed questions of law and fact, we independently determine the correct law. We then apply it to the facts found by the Commissioner, which are not challenged by Pechman. *Henson v. Employment Sec. Dep't,* 113 Wn.2d 374, 377, 779 P.2d 715 (1989).

■ Pursuant to RCW 50.44.050, former employees of instructional institutions eligible for unemployment benefits "shall" receive them "on the same terms and subject to the same conditions as" any other eligible person. Under RCW 50.44.050 exceptions (1) and (3),[2] Pechman's benefits based on her service at La Center may be denied during the holiday and summer recesses only if two statutory conditions are met.

Under RCW 50.44.050(1), the two conditions allowing denial are (a) if Pechman "performs such services in the first of such academic years or terms", and (b) if she has "a contract or reasonable assurance that [she] will perform services in any such capacity for any educational institution in the second of such academic years or terms". Under RCW 50.44.050(3), the two conditions allowing denial are (a) if she "performs such services in the period immediately before" the recess, and (b) if she has "reasonable assurance that [she] will perform such services immediately following" the recess.[3]

---

[2]Of the four possible exceptions to payment of benefits in this statute, only exceptions (1) and (3) are relevant here.

[3]The conditions lettered "(a)" will be referred to collectively as the "such services" conditions; the conditions lettered "(b)" will be referred to collectively as the "reasonable assurance" conditions. "Reasonable assurance" means a written, verbal, or implied agreement that the employee will perform services in the same capacity after the recess; "in the same capacity" means working "under the same terms and conditions of employment". RCW 50.44.053.

Here, the "such services" conditions are not met because Pechman did not perform "such services" in the term or period immediately preceding the relevant recess: She did not teach at La Center just prior to either the holiday or summer recess in question. This comports with the second ALJ's observation "[i]t does not make sense" that Pechman's part-time employment at Evergreen should prevent her from receiving any of her La Center benefits during those recesses.[4]

This also comports with the language of the statute and common sense. The statute differentiates between (a) performing "such services" in the term prior to the recess (*i.e.*, "services in an instructional . . . capacity for an educational institution", upon which "[b]enefits [are] based");[5] and (b) "reasonable assurance" of performing "services in any such capacity *for any educational institution*" in the term following the recess. (Italics ours.) RCW 50.44.050(1). This language indicates that before Pechman's benefits could be denied, the State had to show both that she worked for La Center immediately prior to the recess and also that she had reasonable

---

[4]On the other hand, because Pechman worked for Evergreen prior to the holiday and summer recesses, and because she had "reasonable assurances" of returning to the same or similar employment after those recesses, she would be disqualified from receiving benefits calculated upon a base year accrued at Evergreen under RCW 50.44.050. *Jennings v. Department of Empl. Sec.*, 34 Wn. App. 592, 663 P.2d 849, *review denied*, 100 Wn.2d 1022 (1983); *see also Samuels v. Department of Empl. Sec.*, 37 Wn. App. 409, 680 P.2d 764 (1984) (noncertified employees).

[5]This period on which benefits are based is denominated the "base year" under RCW 50.04.020: "either the first four of the last five completed calendar quarters or the last four completed calendar quarters immediately preceding the first day of the individual's benefit year". The "benefit year" is defined in RCW 50.04.030:

the fifty-two consecutive week period beginning with the first day of the calendar week in which the individual files an application for an initial determination and thereafter the fifty-two consecutive week period beginning with the first day of the calendar week in which the individual next files an application for an initial determination after the expiration of the individual's last preceding benefit year.

The base year is used to calculate the amount of benefits payable during the benefit year. RCW 50.20.120. Here, Pechman's base year occurred during her employment with La Center, while her benefit year occurred during her employment with Evergreen.

assurances of working in any instructional capacity for any institution after the recess.[6] Therefore, because Pechman did not teach at La Center just prior to the holiday or summer recesses at Evergreen, those recesses cannot bar her from receiving her La Center benefits.[7]

Under this understanding of the statute, Pechman is treated no differently than if she had obtained subsequent partial employment as, for instance, a banker or a gas station attendant, rather than a substitute teacher. By contrast, the State's reading of the statute lacks common sense because it would penalize experienced, unemployed teachers for using their abilities in a capacity most prized by their communities, as teachers.[8] Our decision simply comports with the legislative mandate that teachers "shall" receive benefits on the same terms and conditions as other unemployed persons.

Finally on this point, our decision is consistent with *Jennings v. Department of Empl. Sec.*, 34 Wn. App. 592, 663 P.2d 849, *review denied*, 100 Wn.2d 1022 (1983). In *Jennings*, eight substitute teachers in the Seattle School District (District) sought unemployment benefits during the summer, *based upon their employment with the District in the immediately preceding term*. Division Three of this court determined the teachers could not receive benefits because they had reasonable assurance of returning after the recess; although *Jennings* does not discuss the issue, the "such services" condition for denial was also met because the teachers were employed by the District just prior to the recess.

---

[6]Pechman has not challenged the Commissioner's findings that she had reasonable assurances, so we accept them as verities.

[7]Moreover, the State had to show that *both* the services before and those after the holiday recess were performed for La Center under RCW 50.44.050(3), because "such service" is used without the qualifying "for any . . . institution" language found in the reasonable assurance condition of RCW 50.44.050(1).

[8]That is, if bankers or gas station attendants lose their jobs, but obtain part-time employment as substitute teachers, under the State's theory they are entitled to recover benefits, while Pechman, an experienced teacher, is not. Our decision treats former teachers, bankers and gas station attendants alike.

Our determination obviates any discussion of Pechman's equal protection challenge to the statute. We note, however, that this statute previously withstood such a challenge in *Berland v. Employment Sec. Dep't,* 52 Wn. App. 401, 760 P.2d 959 (1988).

The trial court and Commissioner are reversed, and the case is remanded to the Department for disposition consistent with this opinion.

MORGAN, J., and ALEXANDER, J. Pro Tem., concur.

Review denied at 128 Wn.2d 1003 (1995).