[No. 15105-1-III.  Division Three.  February 20, 1997.]

THE CITY OF KENNEWICK, ET AL., *Appellants*, v.
BOARD FOR VOLUNTEER FIREFIGHTERS, *Respondent*.

*William L. Cameron, City Attorney*; and *Harvey Faurholt* and *Horton, Wilkins, Faurholt & O'Connor*, for appellants.

*Christine O. Gregoire, Attorney General*, and *Jerome E. Westby, Assistant*, for respondent.

BROWN, J. — The City of Kennewick and five former volunteer fire fighters (the City) contend the State Board of the Volunteer Fire Fighters Pension Fund (the State Board) erroneously determined that individuals who perform no duties other than payment of an annual contribution to the pension fund are not active members entitled to participate in the pension program. We find no error and affirm.

Before 1979, the City employed both paid and volunteer fire fighters in its Fire Department. In 1980, the five volunteer fire fighters were placed on inactive status. Thereafter, the volunteers no longer performed any fire fighting duties. The Fire Department conducted no fire drills or training exercises for the volunteers. But each year the volunteers paid their annual fees to the pension fund and the City transmitted these payments, together with the City's contribution, to the State Board for Volunteer Firefighters.

In 1993, the State Board became aware the City no longer had a volunteer fire fighters' program and commenced an adjudicative proceeding to determine whether the volunteers were entitled to participate in the retirement provisions of the Volunteer Fire Fighters' Relief and Pensions Act (the Act), RCW 41.24. Following an evidentiary hearing, the State Board determined they were not entitled to the retirement benefits. The City and the individual volunteers appealed to the superior court which affirmed the decision of the State Board.

First, the City contends the State Board was without authority to determine the volunteers were not entitled to

participate in the pension fund after 1980. The powers of an administrative agency include all those expressly granted by statute and all those necessary to implement its statutory authority. *Tuerk v. Department of Licensing,* 123 Wn.2d 120, 864 P.2d 1382 (1994).

■ The volunteer fire fighters' pension fund is administered under RCW 41.24. A board of trustees (the local board) administers the fund in each municipality which maintains a volunteer fire department. RCW 41.24.060. A state board is charged with supervising and controlling the administration of the fund. RCW 41.24.250, .290(1). The local board's determination as to persons entitled to payment is subject to review by the state board. RCW 41.24.080. Local board decisions on applications for pensions are subject to review by the state board. RCW 41.24.120. Proof of a participant's service must be submitted to the state board and certified by it as sufficient. RCW 41.24.190. The state board is empowered to review any action of the board of trustees of any municipality, RCW 41.24.290(3), and in particular to review the action of any board of trustees authorizing any pension. RCW 41.24.290(5). These statutory provisions authorize the State Board to determine whether the Kennewick volunteers were members of a fire department entitled to participate in the pension fund after 1980.

■ Second, the City contends the State Board erred in construing the term "active member" as requiring performance of duty to become eligible to participate in the pension fund. The City does not dispute the State Board's finding that in 1979 the fire chief placed the volunteers on "inactive status." Nor does the City dispute the finding the volunteers performed no duties thereafter.

Eligibility for pension benefits is based in part on service "as an active member in any capacity, of any regularly organized volunteer fire department . . . ." RCW 41.24.170. The court, in interpreting a statute, must give effect to the Legislature's intent and avoid unlikely or absurd consequences. *State v. Elgin,* 118 Wn.2d 551,

825 P.2d 314 (1992). It is inconceivable that the Legislature intended to create a fire fighters' pension fund for individuals who, apart from paying an annual fee, engaged in no activity relating to fire fighting. The State Board did not err in concluding the volunteers had not been active members of the Fire Department after 1980.

■ Finally, the City contends the State Board is estopped from repudiating its acceptance of their contributions to the pension fund and thus denying their pension benefits.

The elements of equitable estoppel are (1) an act inconsistent with a later asserted claim, (2) reasonable reliance on that act by another party, and (3) injury to the other party if the first party is permitted to repudiate its act. *Robinson v. City of Seattle*, 119 Wn.2d 34, 830 P.2d 318 (1992). The City and the volunteers knew the volunteers were inactive. They could not reasonably rely on the State Board's acceptance of their annual payments to overcome the statutory requirement of active service. The State Board is not equitably estopped from returning their payments and denying pension benefits for the years of inactive service.

■ The City and volunteers request an award of attorney fees, citing RCW 49.48.030. That statute authorizes assessing an employee's attorney fees against an employer in a successful action to recover wages. The statute does not authorize an assessment of attorney fees against a party who is not an employer. The attorney fee request is denied.

Affirmed.

THOMPSON and KURTZ, JJ., concur.