[No. 40077-1-I.   Division One.   June 22, 1998.]

CONSTRUCTION INDUSTRY TRAINING COUNCIL OF WASHINGTON, *Respondent*, v. APPRENTICESHIP AND TRAINING COUNCIL OF THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant*.

*Christine O. Gregoire, Attorney General,* and *Leslie V. Johnson, Assistant,* for appellant.

*Judd H. Lees* of *Williams, Kastner & Gibbs, L.L.P.,* for respondent.

AGID, A.C.J. — The Washington State Apprenticeship and Training Council (Council) rejected Construction Industry Training Counsel of Washington's (CITC) petition to register its apprenticeship program because CITC failed to choose its committee representatives from labor unions which represent laborers in the same occupation as CITC's apprentices. CITC claims the unions do not represent its apprentices because they are nonunion workers. We hold that RCW 49.04.040 requires CITC to choose its committee members from existing organizations which represent workers who are in the same occupation as the apprentices, and labor unions are such organizations. Therefore, we reverse the trial court's order to the contrary.

## FACTS

The Council was created under 29 U.S.C. § 50, the Fitzgerald Act, to enact rules and standards governing apprenticeship programs and establish a uniform procedure to regulate those programs. The Council reviews petitions submitted by persons or organizations wishing to establish apprenticeship programs and approves and registers programs that meet its guidelines.[1] Before the Council will approve a program, the petitioner must appoint a committee to oversee it. Under RCW 49.04.040:

Such local or state joint apprenticeship committees shall be composed of an equal number of employer and employee

---

[1] WAC 296-04-005.

representatives chosen from names submitted by the respective local or state *employer and employee organizations in such trade or group of trades*. In *a trade or group of trades* in which there is no bona fide employer or employee organization, the joint committee shall be composed of persons known to represent the interests of employer and of employees respectively, or a state joint apprenticeship committee may be approved as, or the council may act itself as the joint committee in such trade or group of trades . . . .

(Emphasis added.)

CITC is a multiemployer organization that sponsors nonunion apprenticeship programs for the Washington construction industry. In 1995, CITC submitted an application for approval of its proposed apprenticeship standards. The Council referred the program back to CITC because it was concerned about the makeup of CITC's proposed committee. CITC filed a petition for review of the Council's actions with King County Superior Court. CITC and the Council stipulated that the only issue remaining for the Council's approval was whether CITC's committee was properly representative.

The Council considered CITC's petition again at its April 1996 meeting. After a tie vote, the Council referred the petition to the Tie Breaker Committee. That committee voted unanimously to deny the petition because CITC had not requested the names of the committee members from "bona fide employer or employee organizations." The Council referred CITC to a list of labor unions from which it could choose committee members. It did not suggest any other bona fide employee representatives.

CITC again filed a petition for review in King County Superior Court. That court ruled that CITC was not required to choose its committee representatives from existing labor unions because it was a nonunion organization. It further found that, because CITC is a nonunion organization, there were no bona fide employee organizations which represented its members. Therefore, under RCW 49.04.040, its committee members need only be "persons known to

represent the interest of employer[s] and of employees respectively . . . ."[2]

## DISCUSSION

■■ The Council contends that the trial court misinterpreted the statute. It argues that because the labor unions are bona fide organizations which represent the interests of laborers in the same trade or occupation as CITC's apprentices, CITC must choose its committee representatives from those or some other bona fide employee organization. In contrast, CITC argues that the unions do not represent its apprentices because they are nonunion. The Council and CITC agree that the question presented in this case is the correct interpretation of "trade" as it is used in RCW 49.04.040.[3]

■■ When a term is not defined in a statute, we use its plain and ordinary meaning.[4] "Trade" is commonly defined as "the business or work in which one engages regularly [or] an occupation requiring manual or mechanical skill."[5] Applying this definition to "trade" as it is used in RCW 49.04.040, the statute would require the petitioner to select its representatives from organizations of employers and employees in the same occupation as the apprentices. Nothing in the plain language of the statute supports CITC's argument that "trade" is limited to the group of apprentices enrolled in the petitioner's program. If a statute is

---

[2]RCW 49.04.040.

[3]An agency's interpretation of a statute is reviewed de novo. *Seattle Bldg. & Constr. Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 799, 920 P.2d 581 (1996), *cert. denied sub nom. Construction Indus. Training Council v. Seattle Bldg. and Constr. Trades Council*, 520 U.S. 1210, 117 S. Ct. 1693 (1997). The agency's interpretation is given deference on review only if the statute is ambiguous and the agency is charged with its administration and enforcement. *Id.*

[4]*Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 813, 828 P.2d 549 (1992).

[5]WEBSTER'S NEW COLLEGIATE DICTIONARY 1237 (1976).

not ambiguous when read according to its plain language, it is not open to interpretation.[6]

The plain language definition is consistent with the statute's purposes, i.e., ensuring that all apprentices have high-quality training which is consistent statewide and that apprenticeship agreements are in the best interest of both the employee and employer.[7] The best assurance that employees will be well represented during their apprenticeships is if their advocates, including union representatives, are on the council which oversees their training and employment contracts. When the committee members represent the trade, as an occupation, rather than the group of apprentices, the committees will be more aware of the statewide standards and better situated to develop standards for the program which further the purpose of the statute.

■■ CITC contends that this definition makes RCW 49.04.040 inconsistent with 29 C.F.R. § 29 because, under that regulation, committees must include union representatives only if the employer's collective bargaining agreement requires it or the union represents the individual apprentices at issue. A federal law may under certain circumstances preempt a state law.[8] Preemption occurs where Congress has made its intent to preempt state laws explicit or the state law clearly conflicts with the federal law or regulation such that they cannot both be enforced. Otherwise, we presume that state laws are valid and not preempted.[9]

Neither situation exists here. Congress did not specifically state an intention that federal law preempt state statutes and regulations on apprenticeship programs.

---

[6]*Crown Casade, Inc. v. O'Neal*, 100 Wn.2d 256, 262, 668 P.2d 585 (1983).

[7]WAC 296-04-001.

[8]*Hillsborough County v. Automated Med. Labs, Inc.*, 471 U.S. 707, 712-13, 105 S. Ct. 2371, 85 L. Ed. 2d 714 (1985).

[9]*Huron Portland Cement Co. v. City of Detroit*, 362 U.S. 440, 446, 80 S. Ct. 813, 817-18, 4 L. Ed. 2d 852 (1960).

Rather, it recognized preexisting state laws in the area and instructed the Secretary of Labor to cooperate with the states in regulating apprenticeship programs.[10] Nor is it impossible to reconcile RCW 49.04.040, under our interpretation, with the federal law. The Council does not assert that the unions are the *only* bona fide organizations which represent CITC's apprentices' interests, but rather that CITC failed to establish that the unions did not represent workers in the same occupations as CITC's apprentices. Thus, the state law is not preempted.

▮ Therefore, we hold that RCW 49.04.040 requires CITC to choose its employee representatives from existing organizations which represent workers who are in the same occupation as its apprentices. Such organizations may include, but are not limited to, labor unions.

Reversed and remanded for entry of an order consistent with this opinion.

GROSSE and Cox, JJ., concur.

Review denied at 137 Wn.2d 1009 (1999).

---

[10]*See California Div. of Labor Standards Enforcement v. Dillingham Constr., Inc.*, 519 U.S. 316, 117 S. Ct. 832, 840, 136 L. Ed. 2d 791 (1997).