[No. 42006-2-I.   Division One.   June 1, 1999.]

Construction Industry Training Council, *Respondent*, v. Washington State Apprenticeship and Training Council, *Appellant*.

60

*Christine O. Gregoire, Attorney General*, and *Leslie V. Johnson, Assistant*, for appellant.

*Judd H. Lees*, for respondent.

BAKER, J. — The Construction Industry Training Council (CITC), an industry sponsor of apprenticeship training standards for nonunion contractors, prevailed upon judicial review of a decision adverse to one of its apprenticeship programs that was made by a state agency, the Washington State Apprenticeship and Training Council (Council). The trial court's ruling which reversed the agency's decision did not address the issue of attorney fees, although CITC had requested attorney fees when it filed for judicial review. The Council timely appealed the trial court's order and voluntarily dismissed its appeal after this court denied its motion for a temporary stay. CITC then moved the trial court

for attorney fees, about five months after the entry of the trial court's decision on the merits. The Council contends that CITC's request for attorney fees was untimely and that the trial court's award is unwarranted under the facts and circumstances of this case.

## I

The Council is a state agency whose members are appointed by the Director of Labor and Industries.[1] The Council's duties include the establishment of standards for vocational apprenticeship agreements.[2] Such agreements are registered by the Council when it determines that they are in the best interests of apprentices and conform to the standards set forth in RCW 49.04.[3] Registration under RCW 49.04 provides a variety of benefits under other statutory provisions. For example, no person may engage in the electrical construction trade unless he or she holds a certificate of competency issued by the Department of Labor and Industries or is learning that trade as part of an apprenticeship program registered under RCW 49.04.[4] Another example is that all workers on public works projects must be paid the prevailing hourly rate for journey level workers unless they are apprentices under a registered apprenticeship program, in which case they may be paid at a lower rate.[5]

CITC is an industry sponsor of apprenticeship training standards for nonunion contractors. In 1994, CITC proposed standards for apprenticeship training programs concerning electricians, carpenters, painters, plumbers, sheet metal workers, and heating/air conditioning installers and services. Litigation concerning the Council's decision to approve these six programs ensued and in 1996 the

[1]RCW 49.04.010.

[2]RCW 49.04.010.

[3]RCW 49.04.030.

[4]RCW 19.28.510.

[5]RCW 39.12.021.

Supreme Court, on direct review, held that union apprenticeship programs had standing to seek review of the Council's decision, and reversed a trial court ruling affirming that approval.[6]

In 1995, CITC proposed standards for a seventh apprenticeship program, which is the subject of the instant case and known as the "laborers' program." The Council withheld approval of the laborers' program pending the outcome of the challenge to approval of the previous six programs in the *Seattle Building* case. CITC filed suit under Washington's Administrative Procedures Act (APA), RCW 34.05. The Council stipulated before trial that it would not withhold approval pending the outcome of the *Seattle Building* case, that it had no objections to the proposed curriculum or any other aspect of the standards, and that the only unresolved issue was whether the committee which CITC had proposed to oversee the laborers' program represented the interests of employers and employees respectively.[7] After the Council's stipulation, the Supreme Court decided *Seattle Building*, in which it ruled that a formal adjudicative hearing was required before the six programs under review could be approved. The Council thereupon referred approval of the laborers' program to a formal adjudicative hearing.[8]

CITC again sued, contesting the Council's referral of the

---

[6]*Seattle Bldg. & Constr. Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 920 P.2d 581 (1996), *cert. denied sub nom. Construction Indus. Training Council v. Seattle Bldg. & Constr. Trades Council*, 520 U.S. 1210, 117 S. Ct. 1693, 137 L. Ed. 2d 820 (1997).

[7]In a separate suit CITC filed under the APA, the trial court determined that because CITC is a nonunion organization, it was not required to obtain names for its apprenticeship committee members from labor unions in the laborers' trade and that there are no representative employee organizations. On appeal, this court held that RCW 49.04.040 requires CITC to choose its apprenticeship committee members from existing organizations which represent workers who are in the same occupation as the apprentices and that such organizations may include, but are not limited to, labor unions. *Construction Indus. Training Council v. Apprenticeship & Training Council*, 91 Wn. App. 470, 957 P.2d 1267 (1998), *review denied*, 137 Wn.2d 1009 (1999).

[8]*Seattle Bldg. & Trades Council v. Apprenticeship & Training Council*, 129 Wn.2d 787, 804, 920 P.2d 581 (1996).

laborers' program to an adjudicative hearing. It also requested fees and expenses under Washington's version of the federal Equal Access to Justice Act (EAJA). The trial court found that the Council's referral was contrary to its earlier stipulation and contrary to the court order limiting the Council's consideration of approval to the issue of whether the committee which CITC had proposed to oversee the laborers' program represented the interests of employers and employees respectively. On June 25, 1997, the trial court vacated the Council's referral and the Council was ordered to consider the sole stipulated issue under the prior court order.

The Council appealed the trial court's order, but dismissed that appeal after this court denied its motion for a temporary stay. On December 2, 1997, CITC filed a request for attorney fees under the EAJA. In granting that request, the court ruled:

1. CITC timely filed its motion for attorneys' fees pursuant to RCW 4.84.350.

2. CITC prevailed before this Court under its petition for review of defendant agency's actions.

3. Defendant's referral of CITC's laborers' program to an adjudicative proceeding at its October 1996 quarterly meeting was not "substantially justified," within the meaning of RCW 4.84.350.

4. An award of attorneys' fees to CITC would be just.

5. CITC has submitted evidence of the amount of its attorneys' fees reimbursable under RCW 4.84.350 without objection by defendant, said amount equaling Thirteen-Thousand, Seven-Hundred and Ten Dollars ($13,710.00).

IT IS HEREBY ORDERED that CITC's motion for attorneys' fees pursuant to RCW 4.84.350 is granted.

IT IS FURTHER ORDERED that plaintiff is entitled to attorneys' fees in the amount of Thirteen-Thousand, Seven-Hundred and Ten Dollars ($13,710.00), said amount to be paid by defendant.

The Council appeals the trial court's award of attorney fees.

II

The Council and CITC agree that RCW 4.84.340 through 4.84.360 constitute Washington's version of, and is analogous to, the federal Equal Access to Justice Act, 28 U.S.C. § 2412. In enacting Washington's EAJA, the Legislature specifically noted:

> The legislature finds that certain individuals, smaller partnerships, smaller corporations, and other organizations may be deterred from seeking review of or defending against an unreasonable agency action because of the expense involved in securing the vindication of their rights in administrative proceedings. The legislature further finds that because of the greater resources and expertise of the state of Washington, individuals, smaller partnerships, smaller corporations, and other organizations are often deterred from seeking review of or defending against state agency actions because of the costs for attorneys, expert witnesses, and other costs. The legislature therefore adopts this equal access to justice act to ensure that these parties have a greater opportunity to defend themselves from inappropriate state agency actions and to protect their rights.[9]

Under RCW 4.84.350, Washington's EAJA provides:

> **Judicial review of agency action—Award of fees and expenses.** (1) Except as otherwise specifically provided by statute, a court shall award a qualified party that prevails in a judicial review of an agency action fees and other expenses, including reasonable attorneys' fees, unless the court finds that the agency action was substantially justified or that circumstances make an award unjust. A qualified party shall be considered to have prevailed if the qualified party obtained

---

[9]LAWS OF 1995 ch. 403, § 901.

relief on a significant issue that achieves some benefit that the qualified party sought.[10]

The federal statute, 28 U.S.C. § 2412, provides in relevant part:

> (d)(1)(A) Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

> (B) A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection . . . .[11]

The standard of appellate review for awards of fees and expenses under Washington's EAJA presents an issue of first impression. Awards of fees and expenses under several statutory provisions are reviewed for an abuse of discretion.[12] However, no Washington case sets forth the standard of review for this Act.

■ When construing state acts which are similar to a federal act, federal decisions are persuasive authority.[13] Awards of fees and expenses under the federal EAJA are

---

[10]RCW 4.84.350. As a tax-exempt organization under 26 U.S.C. § 501(c)(3), CITC is a "qualified party" under RCW 4.84.350. *See* RCW 4.84.340.

[11]28 U.S.C. § 2412.

[12]*See In re Recall of Pearsall-Stipek*, 136 Wn.2d 255, 961 P.2d 343 (1998) (RCW 4.84.185); *Rettkowski v. Department of Ecology*, 128 Wn.2d 508, 910 P.2d 462 (1996) (RCW 90.14.190); *Progressive Animal Welfare Soc'y v. University of Wash.*, 114 Wn.2d 677, 790 P.2d 604 (1990) (RCW 42.17.340(3)).

[13]*Inland Empire Distrib. Sys., Inc. v. Utilities & Transp. Comm'n*, 112 Wn.2d 278, 283, 770 P.2d 624 (1989).

reviewed for an abuse of discretion. In *Pierce v. Underwood*,[14] the United States Supreme Court noted that another standard of review could require appellate courts to invest substantial additional time addressing the merits of the underlying legal issue.[15] The court also noted that such investment of appellate energy on EAJA awards is undesirable because it would either fail to produce the normal law-clarifying benefits that come from an appellate decision on a question of law or would strangely distort the appellate process.[16]

■ In *Pierce*, the court reasoned that the former undesirable effect would occur where the law appeared to have been clear before the government lost its case because the question of what the government was substantially justified in believing the law to have been is a matter of entirely historical interest.[17] The latter undesirable effect would occur where the law was unsettled before the government lost its case because "a ruling that the government was not substantially justified in believing [the law] to be thus-and-so" would establish the law in a peculiar, secondhanded fashion and that the possibility of establishing the law in such a fashion would encourage needless appeals by the government.[18] We agree with the reasoning of *Pierce*, and hold that awards under Washington's EAJA are reviewed for an abuse of discretion.[19]

## III

■ As a preliminary matter, the Council argues that

---

[14]*Pierce v. Underwood*, 487 U.S. 552, 559, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988).

[15]*Id.* at 560.

[16]*Id.* at 561.

[17]*Id.*

[18]*Id.*

[19]*See Moreman v. Butcher*, 126 Wn.2d 36, 40, 891 P.2d 725 (1995) (abuse of discretion may be found where a trial court's decision is manifestly unreasonable, based on untenable grounds, or based on untenable reasons).

CITC's request for attorney fees was not timely. RCW 4.84.350 provides that a court shall award attorney fees to the party that prevails in a judicial review of an agency action.[20] However, the statute does not provide any definition of the relevant time frame for requesting fees and expenses.

Unlike RCW 4.84.350, the federal enactment provides that requests for attorney fees shall be submitted within 30 days of the time that a judgment becomes final.[21] CITC contends that the federal procedural scheme should apply here and that the judgment on the merits in the instant case became "final" when the Council dismissed its appeal. CITC thus contends that the EAJA application in the instant case was timely. Although federal decisions are persuasive authority for construing state acts that are similar to a federal act,[22] we are not compelled to adopt a federal procedure which is at odds with the usual and customary practice in Washington. We decline CITC's invitation to do so. If the Legislature had intended to adopt the federal scheme, it would have done so explicitly, not by omission. We conclude that EAJA applications in Washington must follow the usual and customary procedures for our courts.

Nonetheless, we recognize that the law was not clear on this point at the time the EAJA request was before the trial court, and we take note of the fact that CITC requested EAJA fees in its petition for judicial review of the Council's decision. The Council thus had notice throughout the proceedings on the merits of this case that justification for its actions might be an issue if CITC prevailed. Moreover, CITC appears to have acted in good faith by following the federal procedural scheme. Therefore,

---

[20]RCW 4.84.350(1).

[21]28 U.S.C. § 2412(d)(1)(B).

[22]*Inland Empire*, 112 Wn.2d at 283.

in fairness to these parties,[23] we address the merits of the decision below.

■ ■ The Council bore the burden of demonstrating that an award under RCW 4.84.350 should be denied.[24] A prevailing party is entitled to an EAJA award unless an agency can convince the trial court that its actions were substantially justified or that circumstances would make that award unjust.[25] The term "substantial justification" requires the State to show that its position has a reasonable basis in law and fact.[26] The award of fees in this case thus presents two questions: (1) whether there was an abuse of discretion in the trial court's failure to find that circumstances here would make an award unjust; and (2) whether there was an abuse of discretion in the trial court's failure to find that the Council's actions were substantially justified.

■ As to the first question presented, the Council argues that circumstances here would make an EAJA award unjust because CITC was required to address the issue of its entitlement to attorney fees in its briefing and argument on the merits of the underlying issue for which it sought judicial review and failed to do so. We disagree. The EAJA does not require such a showing from a party seeking judicial review of an agency's actions. Moreover, imposing such a requirement ignores the fact that the Council bore the burden of showing that CITC was not automatically entitled to an EAJA award.[27]

---

[23]*See Myers v. Harris*, 82 Wn.2d 152, 509 P.2d 656 (1973) (court waived compliance of timeliness requirement where litigants made good faith mistakes in interpreting one-year-old rule and justice required waiver of requirement due to unduly harsh effects upon litigants—court indicated that it is not appropriate to make a practice of waiving such requirements).

[24]*Aponte v. Department of Soc. & Health Servs.*, 92 Wn. App. 604, 623, 965 P.2d 626 (1998).

[25]RCW 4.84.350.

[26]*Aponte*, 92 Wn. App. at 623 (citing *Sneede v. Coye*, 856 F. Supp. 526, 530-31 (N.D. Cal. 1994); *Pierce*, 487 U.S. at 565).

[27]*Aponte*, 92 Wn. App. at 623.

As to the second question presented, the Council contends that its referral of the laborers' program to an adjudicative proceeding after the *Seattle Building* decision is substantially justified. We agree. The agency's referral was made on advice of counsel and in direct response to a unanimous decision of our Supreme Court in a case involving CITC and substantially similar facts. These factors are persuasive as to substantial justification. Moreover, the Council's action was taken in good faith and was a commendable attempt to avoid unnecessary delay in the ultimate decision with respect to the laborers' program. We thus conclude that the trial court abused its discretion by failing to find that the Council's actions were substantially justified.

Reversed.

Cox and ELLINGTON, JJ., concur.