72 P.3d 239 (2003)
117 Wash.App. 542
Patricia SCHROM and Jane Bloomfield, Respondents,
v.
BOARD FOR VOLUNTEER FIREFIGHTERS, an agency of the State of Washington, Appellant.
No. 21264-5-III.
Court of Appeals of Washington, Division 3, Panel Seven.
July 8, 2003.
*240 Jerome E. Westby, Olympia, WA, for Appellant.
Clark B. Snure, Brian K. Snure, Des Moines, WA, for Respondents.
KATO, A.C.J.
Washington's Board for Volunteer Firefighters (the Board) has appealed an order requiring it to permit Patricia Schrom and Jane Bloomfield to participate in a pension system for participants and members of volunteer fire departments. The Board contends the statutory scheme permits participation only of members who actively fight fires, and Ms. Schrom and Ms. Bloomfield are excluded because they perform only clerical and administrative duties for their departments. We affirm.
Ms. Bloomfield has been the secretary and chief financial officer of Whitman County Fire Protection District 12 since 1973. Ms. Schrom has been the secretary and chief *241 financial officer of Grant County Fire Protection District 11 since 1961. Both women's duties include administrative, financial, and clerical activities. Neither performs any fire-suppression activities, such as responding to fire alarms, participating in drills, training for fire fighting, or driving fire fighting vehicles.[1] Since 1980 and 1988 respectively, Ms. Bloomfield and Ms. Schrom have been reported to the Board as volunteer fire fighters on their district's rosters, and the districts have paid pension coverage fees on their behalf.
In 2000, the Board's executive secretary asked Ms. Schrom and Ms. Bloomfield to provide evidence of their service as fire fighters. The executive secretary's position was that only fire fighters were entitled to pension coverage under chapter 41.24 RCW, and Ms. Schrom and Ms. Bloomfield did not meet that requirement.
Ms. Schrom and Ms. Bloomfield requested a hearing before the Board. After considering the evidence, the Board concluded that a person seeking participation in the pension system had "to establish that he or she was an active fire fighter in the volunteer fire department and was engaged in fire fighting activities such as working in and about company quarters or other places under the direction of the chief or other officer, responding to alarms, working at alarms, returning from alarms, drill, or other emergency work." Clerk's Papers (CP) at 8. Because Ms. Schrom and Ms. Bloomfield did not engage in any of these activities, the Board concluded, they were not "fire fighters at any time during their tenure with their respective Districts." CP at 8. The Board thus denied their requests to participate in the pension system.
Ms. Schrom and Ms. Bloomfield asked for review by the superior court, which reversed the Board's decision and held the women were eligible to participate in the pension system. The Board has appealed the superior court's order and denial of its motion for reconsideration.
Our task is the same as a superior court's when reviewing an agency decision under the Administrative Procedure Act, chapter 34.05 RCW. Stuewe v. Dep't of Revenue, 98 Wash.App. 947, 949, 991 P.2d 634, review denied, 141 Wash.2d 1015, 10 P.3d 1072 (2000). A court may grant relief from an administrative decision if it concludes the agency has "erroneously interpreted or applied the law." RCW 34.05.570(3)(d). Conclusions of law are reviewed de novo, although an agency's interpretation of a statute will be upheld "if it reflects a plausible construction of the language of the statute and is not contrary to legislative intent." Alpine Lakes Prot. Soc'y v. Dep't of Natural Res., 102 Wash.App. 1, 14, 979 P.2d 929 (1999).
"The primary goal of statutory construction is to carry out legislative intent." Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 807, 16 P.3d 583 (2001). Legislative intent is determined primarily from the statutory language, viewed "in the context of the overall legislative scheme." Subcontractors & Suppliers Collection Servs. v. McConnachie, 106 Wash.App. 738, 741, 24 P.3d 1112 (2001). Each statutory provision should be read together with others "to achieve a harmonious and unified statutory scheme." State v. Chapman, 140 Wash.2d 436, 448, 998 P.2d 282, cert. denied, 531 U.S. 984, 121 S.Ct. 438, 148 L.Ed.2d 444 (2000).
Chapter 41.24 RCW establishes a pension system for volunteer fire fighters. RCW 41.24.170 provides in pertinent part:
Except as provided in RCW 41.24.410, whenever any participant has been a member and served honorably for a period of ten years or more as an active member in any capacity, of any regularly organized fire department or law enforcement agency of any municipality in this state, and which municipality has adopted appropriate legislation *242 allowing its fire fighters or reserve officers to enroll in the retirement pension provisions of this chapter, and the participant has enrolled under the retirement pension provisions and has reached the age of sixty-five years, the board of trustees shall order and direct that he or she be retired and be paid a monthly pension from the principal fund as provided in this section.
This provision requires that, to qualify for a pension, a person must be both a "participant" and an "active member in any capacity" of a fire department. Campbell v. Bd. for Volunteer Firefighters, 111 Wash.App. 413, 420, 45 P.3d 216 (2002), review denied, 148 Wash.2d 1016, 64 P.3d 650 (2003). There is no dispute here that Ms. Schrom and Ms. Bloomfield are active members of their districts' fire departments. The issue, then, is whether the Board correctly concluded they were not "participants."
For purposes of the pension provisions, a "participant" is "any fire fighter, emergency worker, or reserve officer who is or may become eligible to receive a benefit of any type under the retirement provisions of this chapter, or whose beneficiary may be eligible to receive any such benefit." RCW 41.24.010(10)(b). Ms. Schrom and Ms. Bloomfield contend they are "fire fighters" for purposes of the pension provisions.
The statute defines "fire fighter" as "any fire fighter or emergency worker who is a member of any fire department of any municipality but shall not include full time, paid fire fighters who are members of the Washington law enforcement officers' and fire fighters' retirement system, with respect to periods of service rendered in such capacity." RCW 41.24.010(3). The statute is self-defining and is of no help in determining what constitutes a "fire fighter." See Campbell, 111 Wash.App. at 420, 45 P.3d 216. In Campbell, Division One of this court approved of the Board's reference to the definition of the term "performance of duty" for guidance. Id. at 420-21, 45 P.3d 216. That term
shall be construed to mean and include any work in and about company quarters, any fire station, any law enforcement office or precinct, or any other place under the direction or general orders of the chief or other officer having authority to order such member to perform such work; responding to, working at, or returning from an alarm of fire, emergency call, or law enforcement duties; drill or training; or any work performed of an emergency nature in accordance with the rules and regulations of the fire department or local law enforcement agency.
RCW 41.24.010(5).
The Board held that to be a "fire fighter" in light of this definition a person must "establish that he or she was an active fire fighter ... and was engaged in fire fighting activities." CP at 8. The terms "active fire fighter" and "fire fighting activities" are not further defined, and they suffer from the same self-definitional infirmity as the statutory term "fire fighter." The Board nevertheless interprets the statutory morass as requiring that, to qualify for a pension, a volunteer fire fighter must be engaged in the work of actually suppressing fires. For authority, the Board relies on an informal opinion by a senior assistant attorney general, which stated that "the evident ... purpose of the volunteer fire fighters' pension and benefit system [is] to provide a modest pension benefit and certain medical coverage to a category of persons who otherwise without compensation perform an important and inherently dangerous service to the public." CP at 128.
This statement of the legislative purpose apparently was based on RCW 41.24.020(1), which authorizes municipalities to enroll fire fighters in the benefit system "for the purpose of providing protection for all its fire fighters and their families from death, sickness, injury, or disability arising in the performance of their duties as fire fighters." But this provision expressly applies only to the medical, disability, and death benefits provisions of the statute. By contrast, RCW 41.24.020(2)[2] provides for enrollment "allowing *243 any member of its fire department to enroll under the retirement pension provisions of this chapter." (Emphasis added.) To the extent either of these provisions provides an indication of legislative intent, subsection (1) does not support the Board's contention that the Legislature intended to limit pension benefits to persons who engage in actual fire suppression. The Board has provided no other support for its contention that the statute limits pension benefits to persons who engage in "inherently dangerous" activities.
Moreover, the Board's interpretation renders meaningless the first portion of RCW 41.24.010(5), which defines "performance of duty" to include "any work in and about company quarters, any fire station, any law enforcement office or precinct, or any other place under the direction or general orders of the chief or other officer having authority to order such member to perform such work." The Board contends the Legislature included this language to acknowledge that much of fire fighters' work includes activities other than actual fire suppression. But if the Legislature had intended to limit the pension system to those who actually performed some fire-suppression activities, it could have done so easily and more directly.
The Board's interpretation reads into the definition of "performance of duty" a requirement that is not there and is unsupported by the statutory language. The definition lists a series of activities, separated by semicolons, and the final semicolon is followed by the disjunctive conjunction "or." As the Campbell court noted, this indicates the Legislature did not intend that a person must perform all of the listed activities to qualify for a pension. Campbell, 111 Wash.App. at 421 n. 3, 45 P.3d 216.
The Board contends its interpretation is supported by Campbell and City of Kennewick v. Bd. for Volunteer Firefighters, 85 Wash.App. 366, 933 P.2d 423 (1997). In Kennewick, we held it was "inconceivable" that the Legislature intended to provide pension benefits for volunteers who performed no duties other than to pay annual dues. Kennewick, 85 Wash.App. at 370, 933 P.2d 423. And in Campbell, the volunteer (in addition to attending social events) during one year had responded to only one fire and had served as an evaluator for a hose competition; during another year he had participated only in one training session. Campbell, 111 Wash.App. at 422-23, 45 P.3d 216. Relying on Kennewick, the court in Campbell held the volunteer's activities were insufficient to qualify him for pension credits. Id. at 423, 45 P.3d 216. In both cases, pension credits were denied because the volunteers' firefighting-related activities were nonexistent or insignificant. Neither case supports the Board's argument that to qualify for pension credits the volunteer must engage in actual fire-suppression activities.[3]
Here, by contrast, Ms. Schrom's and Ms. Bloomfield's volunteer firefighting-related activities were significant and continuous.[4] Therefore, each of the women was both a *244 "participant" and an "active member in any capacity" of her department under RCW 41.24.170. The Board erroneously concluded Ms. Schrom and Ms. Bloomfield were ineligible for pension credits. The superior court's order is affirmed.
In their petition for review with the superior court, Ms. Schrom and Ms. Bloomfield requested an award of reasonable attorney fees and costs pursuant to RCW 4.84.350. The superior court did not address the request, which they have renewed here.
The Equal Access to Justice Act provides for an award of reasonable attorney fees and expenses to "a qualified party that prevails in a judicial review of an agency action ..., unless the court finds that the agency action was substantially justified or that circumstances make an award unjust." RCW 4.84.350.
Ms. Schrom's and Ms. Bloomfield's request for attorney fees is contained in a single sentence at the end of the "Conclusion" section of their brief. The Board contends the request does not comply with RAP 18.1(b), which requires a party seeking an award of reasonable attorney fees and costs to "devote a section of the brief" to the request. This argument fails to recognize that the Board bears the burden of demonstrating a party is not entitled to an award. See Constr. Indus. Training Council v. Wash. Apprenticeship & Training Council, 96 Wash.App. 59, 68, 977 P.2d 655 (1999). In this context, the simple request in the brief adequately raised the issue and placed the burden on the Board to respond.
Recognizing this burden, the Board contends its action was substantially justified. An action is substantially justified if it is "justified to a degree that could satisfy a reasonable person." Alpine Lakes Prot. Soc'y v. Dep't of Natural Res., 102 Wash.App. 1, 19, 979 P.2d 929 (1999). The Board contends Kennewick and Campbell support its interpretation and there is no adverse appellate court precedent construing the statutory provisions. Kennewick and Campbell do not support the Board's interpretation. Moreover, the Board's decision conflicts with its own interpretation of the statute in In Re McFate & Wiley, Decision of the State Board for Volunteer Fire fighters (July 15, 1994). CP at 95-102. In that case, the Board decided that "performance of duty" included directing traffic at fire scenes, attending community club meetings, transporting equipment from the factory, and repairing vehicles. CP at 101.
Nevertheless, Campbell recognized that Kennewick "calls into question the analysis in McFate and Wiley." Campbell, 111 Wash.App. at 422, 45 P.3d 216. In light of this recognition, we are unable to conclude that the Board's decision was not substantially justified. The request for attorney fees and expenses is denied.
WE CONCUR: SCHULTHEIS and Kurtz, JJ.
NOTES
[1] The Board found both women "have provided clerical assistance only." Clerk's Papers (CP) at 7. They object to this characterization of their responsibilities, which include maintaining meeting minutes and volunteers' time and training records, research, preparing vouchers, maintaining accounts, monitoring fiscal activities, and preparing budgets. Whatever the merits of the Board's characterization, the parties agree that Ms. Schrom's and Ms. Bloomfield's activities did not include actual fire-suppression work.
[2] The subsection was amended in 1999. Before the amendment, it stated: "(2) Any municipal corporation maintaining and operating a regularly organized fire department may make provision by appropriate legislation whereby any fire fighter may enroll under the pension provisions of this chapter for the purpose of enabling any fire fighter, so electing, to avail himself or herself of the retirement provisions of this chapter." LAWS OF 1999, ch. 148, § 2. The amended language, read in isolation, suggests that the Legislature intended to extend benefits to all members of volunteer fire departments. However, another section of the same legislation confusingly retained language authorizing municipalities to "determine the eligibility of fire fighters ... for retirement pensions." RCW 41.24.080 (emphasis added); see LAWS OF 1999, ch. 148, § 8.
[3] The Board mischaracterizes the Campbell holding by arguing "the threshold question is whether the activities are sufficiently related to actual fire fighting to qualify the individual for a pension." Reply Brief of Appellant at 9 (emphasis added). Campbell actually held: "[T]he Board did not err in concluding that Campbell did not engage in sufficient activities related to fire fighting to be eligible for pension credit." Campbell, 111 Wash.App. at 423, 45 P.3d 216 (emphasis added).
[4] The Board contends secretaries, bookkeepers, and even gardeners may be eligible for pensions under this interpretation of the statute. This is only partly true. Those persons' activities still must be sufficient to qualify them as "participants" as defined in the statute and interpreted by Kennewick and Campbell. Moreover, the Board's interpretation of the statute would disqualify supervisors or administrators who engage in little or no fire-suppression activities but whose work is directly related to fire fighting.