[No. 44543.   En Banc.   April 7, 1977.]

LARRY BUCHANAN, *Respondent*, v. THE WASHINGTON
STATE BOARD FOR VOLUNTEER FIREMEN,
*Appellant.*

*Slade Gorton, Attorney General,* and *Wayne L. Williams, Assistant,* for appellant.

*Richard C. Smith* and *Smith & Scott,* for respondent.

DOLLIVER, J.—Plaintiff Larry Buchanan was an enrolled volunteer fire fighter for Yakima County Fire Protection District No. 10. On July 15, 1974, a serious grass fire broke out near Terrace Heights, which is within the jurisdiction of Yakima County Fire Protection District No. 4. At that time, plaintiff was visiting friends in the area. Lieutenant Jack Sisk, an officer from district No. 4, saw Buchanan, recognized him as a fire fighter for district No. 10, and asked him to help fight the fire. While doing so, Buchanan sprained an ankle. He incurred damages of $170.68 in hospital expenses and $879.17 in lost wages. Buchanan claimed benefits from the Volunteer Firemen's Relief and Pension Fund, RCW 41.24.

The board of trustees for district No. 4 authorized payment of the above-stated damages to Buchanan. The Washington State Board for Volunteer Firemen denied the payments and entered the following legal conclusions:

1. That a volunteer fireman is covered fighting fire when he responds as a member of his own fire department that has responded to a call.

2. That because Mr. Buchanan's own fire department did not respond, he was acting as any other citizen who was not a fireman.

3. That the Volunteer Firemen's Relief and Pension Fund was not created to protect ordinary citizens but volunteer firemen acting as such for their own fire departments.

4. That Larry Buchanan has no coverage for his injury suffered on July 15, 1974 at the Terrace Heights fire.

5. Mr. Buchanan's claim is hereby denied.

Thereafter, Buchanan sought a writ of review from the Superior Court for Yakima County. The decision of the State Board for Volunteer Firemen was vacated by the court which found and concluded that Larry Buchanan was a fireman engaged in the performance of his duty within the meaning of the statutes and, therefore, was entitled to the benefits of the Volunteer Firemen's Relief and Pension Fund.

The Volunteer Firemen's Relief and Pension Fund operates pursuant to RCW 41.24. Under this statute, every municipal corporation maintaining and operating a regularly organized volunteer fire department pays certain annual fees into a state trust for the benefit of the members of its fire department. RCW 41.24.030. This is a common fund which is used by all members of all volunteer fire departments. An injured fire fighter makes an application to the local fire district board for compensation subject to review by the state board. RCW 41.24.120. The statute contemplates a statewide system which embraces all volunteer fire fighters in a single fund.

The question before this court is whether an enrolled volunteer fireman from one fire protection district who is injured fighting fire in another fire protection district is entitled to recover for his injuries and time loss from the Volunteer Firemen's Relief and Pension Fund. Defendant, citing RCW 41.24.150, .210, and .220, asserts an injured volunteer fire fighter may receive benefits from the fund only if such person is (1) a member of a fire department subject to the provisions of RCW 41.24, and (2) involved in the performance of duty. Defendant claims plaintiff meets neither of these criteria. We agree with defendant as to the criteria to be met, but disagree that plaintiff has failed to meet them.

Taking the second criterion first, there is no doubt under the statute plaintiff was engaged in the performance of duty. RCW 41.24.010, which defines performance of duty, reads in relevant part as follows:

"Performance of duty" shall be construed to mean and include any work in and about company quarters or any fire station or any other place under the direction or general orders of the chief or other officer having authority to order such member to perform such work; responding to, working at, or returning from an alarm of fire; drill; or any work performed of an emergency nature in accordance with the rules and regulations of the fire department.

The determinative question, however, is whether plaintiff was performing his duty as a "member" of a fire protection district and, if so, which fire protection district.

While it may be argued, as suggested by the trial court, that at all times plaintiff was a member of district No. 10 and was injured while performing his duty as a member of district No. 10, we believe the better analysis is to consider him, for the purposes of this claim, as a member of fire protection district No. 4.

Defendant, while conceding RCW 41.24 contains no precise statutory definition as to who is a "member" of a fire department, argues the incident here was "a mere happenstance" association and is insufficient to make plaintiff a member of district No. 4. We disagree with defendant's contention.

■ It is uncontroverted that fire protection district No. 4 had a long-standing policy approved by the commissioners of the district which permitted one of its officers to enlist the aid of outside persons in times of emergency. The record shows Lt. Sisk, an officer of fire protection district No. 4 "having authority," knew plaintiff as a competent fire fighter and a member of fire protection district No. 10. Plaintiff was not an untrained volunteer impressed into service as a mere bystander. Further, it is the express declaration of the board of trustees of district No. 4 that, because of the circumstances and the policy of the district, plaintiff was a fireman for fire protection district No. 4 at the time of his injury. *See Gulbrandson v. Midland,* 72 S.D. 461, 36 N.W.2d 655 (1949); *West Salem v. Industrial Comm'n,* 162 Wis. 57, 155 N.W. 929 (1916); *Sexton v.*

*County of Waseca,* 211 Minn. 422, 1 N.W.2d 394 (1942); 53 Am. Jur. 2d *Master & Servant* § 177 (1970); *cf.* Annot., 142 A.L.R. 657 (1943).

RCW 41.24.020(1) provides every fire protection district shall enroll its fire fighters "under the relief and compensation provisions of this chapter for the purpose of providing protection for all its firemen and their families from death or disability arising in the performance of their duties as firemen." RCW 41.24.040 provides that if a fire protection district fails to pay its fees into the state trust fund "no fireman shall forfeit his right to participate in the relief and compensation provisions of this chapter by reason of non-payment." Since the Volunteer Firemen's Relief and Pension Fund is a statewide system which covers all volunteer fire fighters in a single fund, the failure of district No. 4 to pay fees for plaintiff should not serve to deny him benefits. It should be noted that district No. 10 had previously paid the requisite fees into the fund on behalf of plaintiff.

Under the circumstances of this case recorded above, we hold Larry Buchanan, at the time of his injury, was in the performance of his duty as a member of fire protection district No. 4, and was entitled to the claims authorized by fire protection district No. 4. It is so ordered.

WRIGHT, C.J., and ROSELLINI, HAMILTON, STAFFORD, UTTER, BRACHTENBACH, HOROWITZ, and HICKS, JJ., concur.