100 P.3d 814 (2004)
Patricia SCHROM and Jane Bloomfield, Respondents,
v.
BOARD FOR VOLUNTEER FIRE FIGHTERS, an agency of the State of Washington, Petitioner.
No. 74354-1.
Supreme Court of Washington, En Banc.
Argued May 25, 2004.
Decided November 18, 2004.
*816 Jerome E. Westby, Olympia, for Petitioner.
Clark B. Snure, Brian K. Snure, Des Moines, for Respondents.
*815 SANDERS, J.
Patricia Schrom and Jane Bloomfield (respondents)[1] have been active volunteer members in their respective fire departments since 1961 and 1973, respectively. However neither respondents duties include actively fighting fires or training to fight fires. At issue is whether they qualify for pension benefits under chapter 41.24 RCW, commonly known as the volunteer fire fighters' and reserve officers' relief and pensions act (the Act). We hold they do not and therefore reverse the Court of Appeals and remand for further proceedings.

FACTS
Most of the findings of fact rendered at the administrative hearing before the Board for Volunteer Fire Fighters (Board) were unchallenged in respondents' appeal to the superior court, which found the remaining findings of fact supported by substantial evidence. Neither party sought further review of that decision, so we now accept all findings as verities. Campbell v. Dep't of Soc. & Health Servs., 150 Wash.2d 881, 886, 83 P.3d 999 (2004).
Ms. Schrom has been the secretary and chief financial officer to the Board of Commissioners of the Grant County Fire District No. 11 (Grant District No. 11) since 1961. Similarly Ms. Bloomfield has held identical positions with the Whitman County Fire District No. 12 (Whitman District No. 12) since 1973. The Board found respondents "provided clerical assistance only" to their respective fire departments, a description challenged by respondents but upheld by the superior court. Regardless of the precise nomenclature used to describe respondents' duties, it is undisputed neither respondent engaged in what the Board dubbed "fire fighter duties," i.e., participating in fire fighter drills, responding to fire alarms, driving fire trucks, or training to fight fires. Clerk's Papers (CP) at 136 (Findings of Fact 2, 7). Yet despite the clerical nature of their duties, both Ms. Schrom and Ms. Bloomfield have been reported to the Board as volunteer fire fighters for pension purposes since 1988 and 1980, respectively. As such both respondents and their respective fire districts have paid the necessary annual pension coverage fees through 2000.[2]
The events giving rise to the dispute at hand initiated in 2000. Ms. Schrom had requested service credit for her years prior to 1988, which prompted the Board to request documentary evidence to support her assertions. Meanwhile the Board contacted Ms. Bloomfield to request similar documentation because doubts arose as to whether she had been correctly reported as a Whitman County fire fighter. When both separately responded by indicating the purely clerical nature of their duties, the Board deemed them ineligible for pension benefits, giving them the option of reimbursement for coverage fees paid or an administrative hearing to determine whether they were correctly reported as volunteer fire fighters. Respondents opted for the administrative hearing and petitioned the Board for pension membership.
At the telephonic hearing the Board heard testimony from both respondents and their respective fire chiefs. The Board also accepted as evidence various documents describing respondents' duties. After reviewing the evidence the Board concluded:

*817 [T]hese statutes require an individual seeking participation in the pension provisions of RCW 41.24 to establish that he or she was an active fire fighter in the volunteer fire department and was engaged in fire fighting activities such as working in and about company quarters or other places under the direction of the chief or other officer, responding to alarms, working at alarms, returning from alarms, drill, or emergency work.
CP at 137 (Conclusion of Law (COL) 5). Because respondents' duties were financial and/or clerical, the Board found the two were ineligible as a matter of law for pension benefits.
Respondents appealed to the Whitman County Superior Court, which reversed and ruled both respondents were eligible for pension benefits under the Act. After unsuccessfully seeking reconsideration in the superior court the Board appealed to Division Three, which affirmed the superior court. Schrom v. Bd. for Volunteer Fire Fighters, 117 Wash.App. 542, 72 P.3d 239 (2003). We granted review. 151 Wash.2d 1001, 87 P.3d 1185 (2004).

STANDARD OF REVIEW
The Board is an agency as defined by the Washington Administrative Procedure Act (APA), chapter 34.05 RCW. RCW 34.05.010(2). We therefore review the agency's action from the same position as that of the superior court and apply the APA standards of review to the administrative record. RCW 34.05.570(3); Tapper v. Employment Sec. Dep't, 122 Wash.2d 397, 402, 858 P.2d 494 (1993). Only legal issues are germane in this appeal, which we review under the error of law standard. City of Pasco v. Pub. Employment Relations Comm'n, 119 Wash.2d 504, 507, 833 P.2d 381 (1992). This requires us to uphold the agency adjudication unless respondents show the Board "erroneously interpreted or applied the law." RCW 34.05.570(3)(d); City of Pasco, 119 Wash.2d at 507, 833 P.2d 381.

ANALYSIS

I. Respondents Are Not "Participants" as Statutorily Defined and Are Therefore Not Eligible for Statewide Pension Benefits under the Act
Whether respondents are eligible for retirement pension benefits under the Act is a question of statutory interpretation. Our primary goal when interpreting a statute is to ascertain and give effect to the legislature's intent. Kitsap County v. Moore, 144 Wash.2d 292, 297, 26 P.3d 931 (2001); Cowiche Canyon Conservancy v. Bosley, 118 Wash.2d 801, 813, 828 P.2d 549 (1992). Construing the statute as a whole and giving effect to every provision, we derive this intent from the text of the statute alone where its language is unambiguous. Restaurant Dev., Inc. v. Cananwill, Inc., 150 Wash.2d 674, 682, 80 P.3d 598 (2003); State v. Sullivan, 143 Wash.2d 162, 175, 19 P.3d 1012 (2001).
The Act, originally enacted in 1935 and then reenacted in 1945,[3] establishes both a disability and a retirement system for our state's volunteer fire fighters and reserve officers. Two types of benefits are available: (1) "relief" benefits, RCW 41.24.020(1), which include medical, death, and disability benefits, RCW 41.24.010(11); and (2) "retirement pension" benefits, RCW 41.24.020(2), which include "retirement payments for the performance of service," RCW 41.24.010(12). Municipalities are required to provide relief benefits for fire fighters and emergency medical personnel whereas such benefits for reserve officers[4] are optional. RCW 41.24.020(1). As for pension benefits, the Act permits municipalities to opt into the state retirement program but does not so mandate. RCW 41.24.020(2). The Board is the administrative agency entrusted to control and supervise the administration of the trust fund. RCW 41.24.290.

*818 A. Act unambiguously requires purported pensioner to be a "participant," which here requires said person to possess fire fighting duties
At the heart of this case is RCW 41.24.170. Amended several times[5] since it was originally enacted in 1945, it currently provides in relevant part:
[W]henever any participant has been a member and served honorably for a period of ten years or more as an active member in any capacity, of any regularly organized fire department or law enforcement agency of any municipality in this state, and which municipality has adopted appropriate legislation allowing its fire fighters or reserve officers to enroll in the retirement pension provisions of this chapter, and the participant has enrolled under the retirement pension provisions and has reached the age of sixty-five years, the board of trustees shall order and direct that he or she be retired and be paid a monthly pension from the principal fund as provided in this section.[6]
RCW 41.24.170 (emphasis added). On its face RCW 41.24.170 imposes three requirements a purported pensioner must satisfy in order to be eligible for retirement benefits under the Act: (1) he or she is a "participant," (2) he or she is a "member" of a fire department or law enforcement agency participating in the statewide pension system, and (3) he or she has "served honorably for a period of ten years or more as an active member in any capacity" for that fire department or law enforcement agency. Id.
There is no question both respondents have been "active member[s] in any capacity ... of any regularly organized fire department... of any municipality in this state," id., as both have continuously served their respective fire departments. The determinative inquiry here is whether respondents are "participant[s]" as contemplated by the Act.
Definitions provided by the legislature are given controlling effect. Sullivan, 143 Wash.2d at 175, 19 P.3d 1012; Am. Legion Post No. 32 v. City of Walla Walla, 116 Wash.2d 1, 8, 802 P.2d 784 (1991). "Participant" is a statutory term of art defined as "any fire fighter, emergency worker, or reserve officer who is or may become eligible to receive a benefit of any type under the retirement provisions of this chapter, or whose beneficiary may be eligible to receive any such benefit." RCW 41.24.010(10)(b). Neither respondent claims to be an emergency worker or reserve officer, but rather both claim to be "fire fighters" under the Act. "Fire fighter" is also statutorily defined:
"Fire fighter" includes any fire fighter or emergency worker who is a member of any fire department of any municipality but shall not include full time, paid fire fighters who are members of the Washington law enforcement officers' and fire fighters' retirement system, with respect to periods of service rendered in such capacity.
RCW 41.24.010(3). The Court of Appeals read this definition as "self-defining" and chose to ignore it. Schrom, 117 Wash.App. at 547, 72 P.3d 239. The Board asks us to adopt the agency conclusion of law that respondents are ineligible because they never actively engaged in fire suppression activities. Respondents counter and urge us to adopt the Court of Appeals' analysis and hold they are "participant[s]" because their activities were "significant and continuous." Id. at 550, 72 P.3d 239.
We conclude the Court of Appeals erred by ignoring the definition of "fire fighter." The statutory term of art "fire fighter" limits itself and consequently chapter 41.24 RCW benefits to volunteer and part-time fire fighters, thus excluding full-time fire fighters who are covered under the Washington Law Enforcement *819 Officers' and Fire Fighters' Retirement System Act (LEOFF), chapter 41.26 RCW. Yet it does not dispense with the plain and ordinary meaning of "fire fighter," which we derive from a standard dictionary if possible. State v. Taylor, 150 Wash.2d 599, 602, 80 P.3d 605 (2003); Sullivan, 143 Wash.2d at 175, 19 P.3d 1012; Am. Legion Post No. 32, 116 Wash.2d at 8, 802 P.2d 784. We conclude this may be accomplished here, as the dictionary defines "fire fighter" as "one who fights fires." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 855 (2002). Applying this ordinary meaning to the term, it is clear a person asserting pension eligibility must, at minimum, "fight fires" in order to be a "fire fighter."
Yet "fire fighters" need not hold the fire hose 24 hours a day, 7 days a week, to gain pension eligibility, as RCW 41.24.170 extends eligibility for those fire fighters who have been "active member[s] in any capacity[ ] of any regularly organized fire department ... of any municipality in this state." (Emphasis added.) Limiting RCW 41.24.170 merely to only those fire fighters who hold the fire hose would disregard the remainder of the statutory provision at issue. Under this view the volunteer fire fighter who is fortunate enough to never confront a raging inferno, yet trains daily for such a contingency, would be ineligible for pension benefits as he or she would never have actually fought a fire. This construction would undoubtedly be absurd and therefore impermissible. State v. J.P., 149 Wash.2d 444, 450, 69 P.3d 318 (2003). Keeping this in mind, we conclude to be a "fire fighter" under the Actand therefore qualify as the requisite "participant" for pension eligibilitythe person claiming eligibility must, at minimum, possess some duties that include fighting fires if a fire were to ever occur.
Our view that the dictionary definition requires the purported pensioner to possess fire fighting duties is buttressed by examining all the legislature has said in the provision at issue and related statutes, a task we also employ to ascertain a statute's plain meaning. See State v. C.G., 150 Wash.2d 604, 609, 80 P.3d 594 (2003); Thurston County v. Cooper Point Ass'n, 148 Wash.2d 1, 12, 57 P.3d 1156 (2002). First the Act expressly provides the trust fund established in the state treasury which finances all benefitsrelief and retirementis "for the benefit of the participants covered by" the Act. RCW 41.24.030(1) (emphasis added). Second the statutory requisite to be a "participant" appears not only in the retirement portions of the Act but also with the relief portions as well, which apply when a "participant" is injured, or killed during the performance of his or her duties. See, e.g., RCW 41.24.150 (disability benefits to be paid if a "participant becomes physically or mentally disabled, injured or sick, in consequence or as the result of the performance of his or her duties"); RCW 41.24.160 (death benefits payable when a "participant" dies as a result of performing his or her duties); RCW 41.24.210 (time limitation for "participant" to file report to obtain benefits for illness or injuries sustained performing his or her duties), RCW 41.24.220 (principal fund of Act to pay for hospitalization costs of "participant" incurred treating injuries sustained performing his or her duties); RCW 41.24.230 (principal fund to pay for burial and funeral expenses of "participant" who dies as a result of performing his or her duties). These statutory provisions therefore contemplate the recipients of these relief benefits possess duties and engage in activities that are prone to causing injury or death. While fighting fires unquestionably falls in this category, the same cannot be said for secretaries and/or clerical workers who simply do not confront similar perils. And since the legislature employed the same term to describe the class eligible for retirement pension benefits, we presume the legislature intended to reference that same class. Sullivan, 143 Wash.2d at 175, 19 P.3d 1012.

B. Requisite of being a "participant" remains despite statutory definitions of "performance of service" and "retirement pension"
Respondents nonetheless direct our attention to the statutory definition of the terms "[r]etirement pension" and "performance of service," which they claim permit eligibility for members of fire departments who engage in solely administrative and clerical work. *820 "Retirement pension" is statutorily defined as "retirement payments for the performance of service, as provided under RCW 41.24.170, 41.24.172, 41.24.175, 41.24.180, and 41.24.185." RCW 41.24.010(12). "[P]erformance of service" broadly includes, inter alia, "any work in and about company quarters." RCW 41.24.010(5) (emphasis added). In addition, respondents further rely on RCW 41.24.020(2), which permits a fire district to "allow[ ] any member of its fire department to enroll under the retirement pension provisions of" the Act. (Emphasis added.) Thus, respondents argue, both are eligible to participate in the "retirement pension" provisions of the Act because they are "members" of their fire departments and their clerical and administrative duties qualify as "any work in and about company headquarters."
Both the definition of "[r]etirement pension" in RCW 41.24.010(12) and the language in RCW 41.24.020(2) referencing "member[s] of its fire department" were added in 1999. LAWS OF 1999, ch. 148, §§ 1-2. Section 2 of the 1999 act amended RCW 41.24.020(2) from permitting "[a]ny municipal corporation... [to] make provision by appropriate legislation whereby any fire fighter may enroll under the pension provisions of this chapter," former RCW 41.24.020(2) (LAWS OF 1989, ch. 91, § 9) (emphasis added), to permitting "[a]ny municipal corporation ... [to] make provision by appropriate legislation allowing any member of its fire department to enroll under the retirement pension provisions of this chapter." LAWS OF 1999, ch. 148, § 2(2) (codified at RCW 41.24.020(2)) (emphasis added). Isolating the new definition of "[r]etirement pension" in conjunction with section (2)'s amending language might lead one to conclude the legislature intended to expand the Act's reach to permit any "member" of a fire department, whether such person is a "fire fighter," to be eligible for pension benefits.
The existence of this alleged legislative intent is undercut by examining the remainder of the statutory definition of "[r]etirement pension," which was added simultaneous to the provisions upon which respondents so heavily rely. Id. § 1(12). Though "[r]etirement pension" broadly includes "retirement payments for the performance of service," the remainder of the statutory definition references "RCW 41.24.170, 41.24.172, 41.24.175, 41.24.180, and 41.24.185" as the statutory sections for determining who is entitled to pension benefits and to how much benefit such person is entitled. RCW 41.24.010(12). These sections unequivocally limit pension eligibility to "participant[s]," a requisite the 1999 amendment did not alter. See RCW 41.24.170 (quoted supra); RCW 41.24.172 (allowing "participant" to select from two options how he or she will be paid upon retirement); RCW 41.24.180 (directing local board of trustees to direct payment to a "participant" or select beneficiaries if "participant" is deceased).[7] RCW 41.24.170, the statutory provision at issue, is particularly instructive since it expressly requires the person be a "participant" in addition to being a "member" to earn eligibility for pension benefits. Membership in a fire department alone is therefore insufficient; rather the person must also be a "fire fighter" if that is the type of "participant" he or she claims to be. And to be a "fire fighter," one must possess fire fighting duties. See supra Part I.A.
As such we do not read any ambiguity in the Act to allow persons who do not possess fire fighting duties to be eligible for pension benefits. A court may look beyond a statute's language when it is ambiguous, meaning its text is susceptible to two or more interpretations, In re Sehome Park Ctr., Inc., 127 Wash.2d 774, 778, 903 P.2d 443 (1995), but a statute "is not ambiguous simply because different interpretations are conceivable," Berger v. Sonneland, 144 Wash.2d 91, 105, 26 P.3d 257 (2001). Construing "fire *821 fighter" to include a fire department's clerical and administrative personnel might be conceivable, but such construction runs afoul of a "fire fighter['s]" principal duty, which is to extinguish fires. Thus it is not reasonable to assume a secretary is a "fire fighter" merely because of membership in a fire department.[8]
Finally respondents claim, and the Court of Appeals agreed, that adopting the Board's interpretation of the Act would wrongfully eliminate supervisory personnel and administrators whose activities are directly related to fire fighting but outside the realm of fire suppression. See Schrom, 117 Wash.App. at 550 n. 4, 72 P.3d 239; Resp'ts' Br. at 21-22. Respondents argue such a construction is absurd and therefore impermissible. See J.P., 149 Wash.2d at 450, 69 P.3d 318. This argument ignores the fact that pensions of supervisory fire district personnel are governed by the LEOFF Act. RCW 41.26.030(4)(c) (including supervisory fire fighter personnel within the definition of fire fighter under LEOFF Act); RCW 41.26.090, .430 (delineating retirement benefits for fire fighters under LEOFF Act). Excluding such persons from retirement benefits under chapter 41.24 RCW is not only outside the scope of absurdity but also is entirely logical.[9]
In sum, the unambiguous dictionary definition of "fire fighter" controls our analysis and the conclusion we reach. City of Seattle v. Shepherd, 93 Wash.2d 861, 866, 613 P.2d 1158 (1980). A person claiming pension eligibility under chapter 41.24 RCW must possess fire fighting duties if he or she claims to be a "fire fighter" under the Act.[10]

C. Proper inquiry for determining a person's status as a "participant" examines nature of person's duties
Our reading of the Act belies the Court of Appeals' conclusion that because "Ms. Schrom's and Ms. Bloomfield's volunteer fire fighting-related activities were significant and continuous... each of the women was both a `participant' and an `active member in any capacity' of her department under RCW 41.24.170." Schrom, 117 Wash.App. at 550, 72 P.3d 239 (footnote omitted). To the contrary, nothing in chapter 41.24 RCW a priori requires consideration of whether a person's activities are "significant and continuous" to a degree sufficient to qualify said person as a "participant." Examining how "significant and continuous" a person's activities are erroneously morphs together the separate requirements of being a "participant" and being an "active member in any capacity." To the contrary, it is the nature of the pensioner's duties that qualify him or her as a "participant," not the quantum of that person's activities.
Our interpretation of chapter 41.24 RCW is, however, consistent with two prior Court of Appeals decisions, seemingly the only Washington published decisions to address the language at issue. See Campbell v. Bd. for Volunteer Fire Fighters, 111 Wash.App. 413, 45 P.3d 216 (2002), review denied, 148 Wash.2d 1016, 64 P.3d 650 (2003); City of Kennewick v. Bd. for Volunteer Firefighters, 85 Wash.App. 366, 933 P.2d 423 (1997).[11]
*822 City of Kennewick involved pension eligibility of five volunteer fire fighters who had been inactive for 13 years but continued to pay their coverage fees. City of Kennewick, 85 Wash.App. at 368, 933 P.2d 423. Once placed on inactive status the volunteers were no longer required to perform any "fire fighting duties," such as "fire drills or training exercises." Id. The court held the volunteers were ineligible for pensions under the Act, stating, "It is inconceivable that the Legislature intended to create a fire fighters' pension fund for individuals who, apart from paying an annual fee, engaged in no activity relating to fire fighting." Id. at 370, 933 P.2d 423.
Similarly Campbell involved a volunteer fire fighter who had a number of duties between 1990 and 1996, including responding to alarms and serving as an instructor and station keeper. Campbell, 111 Wash.App. at 415, 45 P.3d 216. In 1996 the fire fighter, upon his own request, was exempted from responding to alarms or participating in drills. Id. The following year he responded to at least one fire alarm in January, but none thereafter, and also participated in a spouse appreciation dinner, a hose competition, and an annual banquet. Id. The subsequent year his fire department activities were limited to a one-day training program and a spouse appreciation dinner. Id. The court affirmed the Board's determination that the fire fighter could not receive credit for the years following his removal from fire response duties. Id. at 422-23, 45 P.3d 216. In so doing the court relied on City of Kennewick and the Board's interpretation of the statute to hold "the focus [of chapter 41.24 RCW eligibility] is on whether the activities are related to fire fighting." Id. at 422, 45 P.3d 216. The court held the fire fighter was ineligible for pension benefits because he "did not engage in sufficient activities related to fire fighting to be eligible for pension credit." Id. at 423, 45 P.3d 216.
The purported pensioners in City of Kennewick and Campbell fell short of qualifying for pensions under the Act not because they failed to qualify as fire fighters under the Act, but rather because their activities were insufficient to qualify them as "active member[s]" of their fire departments as required by RCW 41.24.170. While Campbell emphasized the importance of inquiring "whether the activities are related to fire fighting," 111 Wash.App. at 422, 45 P.3d 216, such emphasis should not be read out of the factual context there presented. The fire fighter there had no duty to train or respond to fires. Though over a span of two years he responded to at least one alarm, trained one day, and participated in one hose competition, none of those activities was required for his membership in the fire department. Indeed, the Court of Appeals dubbed these activities "minor, consisting of three isolated actions." Id. at 423, 45 P.3d 216. As such, respondents' secretarial duties do not "relate to fire fighting" merely because they take place within the fire department.
Applying the error of law standard required by the APA, City of Pasco, 119 Wash.2d at 507, 833 P.2d 381, the Board did not err by deeming respondents ineligible for retirement pensions under the Act. Neither respondent possessed fire fighting duties, such as fire suppression, training to fight fires, or responding to fire alarms. See CP at 137 (COL 5, 6). We therefore hold respondents are ineligible for retirement pensions under chapter 41.24 RCW.

II. Reimbursement of Coverage Fees Must Include Statutory Interest
After the Board informed respondents of its view that neither was eligible for chapter 41.24 RCW pensions, the Board indicated it would reimburse both respondents all coverage fees paid. At oral argument the Board affirmed this intent, stipulating it would be liable to respondents for all coverage *823 fees erroneously paid. However the Board claimed it would not be required to pay the normal 12 percent prejudgment statutory interest in addition.
However such a view undercuts RCW 19.52.010, which mandates 12 percent interest is required when no other rate was agreed between the parties for "[e]very loan or forbearance of money, goods, or thing in action."
Moreover the Board's approach is additionally inconsistent with both the Act's legislative scheme and basic logic. Pension eligibility is not forever barred by a participant's failure to pay all coverage fees. Rather RCW 41.24.040 provides a procedure for reinstatement upon such a contingency:
Where a participant has forfeited his or her right to participate in the retirement provisions of this chapter that participant may be reinstated so as to participate to the same extent as if all fees had been paid by the payment of all back fees with interest at the rate of one percent per month provided he or she has at all times been otherwise eligible.
Here we face the direct converse of the scenario described in RCW 41.24.040. Instead of the failure of a person to pay coverage fees who has been eligible all along to participate in the Act's pension system, we face two persons who have paid coverage fees despite their ineligibility to properly participate in the retirement system. If the former can opt into the pension system by paying all past due coverage fees plus a 12 percent annual interest rate, it logically follows the Board must reimburse the latter at the exact same rate. To conclude otherwise would lead to an inexplicably anomalous result, namely the Board receiving a windfall for inadvertently accepting coverage fees from someone who was entitled to the benefit of the present value of his or her money. As such, respondents are entitled to reimbursement of all coverage fees paid augmented by the 12 percent annual statutory rate of return. Cf. RCW 41.24.040.

CONCLUSION
That respondents have dedicated numerous years of service to their respective fire districts is to be both commended and appreciated. Despite this, the Act's plain language precludes their eligibility for the statewide pension system. "Although the court should not construe statutory language so as to result in absurd or strained consequences, neither should the court question the wisdom of a statute even though its results seem unduly harsh." Duke v. Boyd, 133 Wash.2d 80, 87, 942 P.2d 351 (1997) (citation omitted).[12] Regardless of how or whether a court believes a statute should be rewritten, there is no judicial authority to do so. Such is the province of the legislative branch. We hold respondents are not eligible for pension benefits under chapter 41.24 RCW.[13]
The Court of Appeals is reversed, and the case is remanded to Whitman County Superior Court for further proceedings consistent with this opinion.
ALEXANDER, C.J., and BRIDGE, OWENS and FAIRHURST, JJ., concur.
CHAMBERS, J. (dissenting).
These days, fire fighters are not just men with hoses in hand and Dalmatians at their side. Yet while the legislature has clearly indicated that fire fighter is defined more broadly, the majority resorts to the dictionary definition of "fire fighter" to interpret chapter 41.24 RCW and to deny the respondents' request for relief. I would look to the broader statutory scheme and closely related statutory definitions first, not to the dictionary, to determine the legislature's intent. See State v. Borrero, 147 Wash.2d 353, 375, 58 P.3d 245 (2002) (Sanders, J., dissenting) (even when engaging in liberal construction *824 analysis, court should not resort to dictionary definition but should focus instead on express language); see also Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 11-12, 43 P.3d 4 (2002) (court considered "all that the Legislature has said in the statute and related statutes"). Accordingly, I respectfully dissent.
Chapter 41.24 RCW governs volunteer fire fighters' relief and pensions but fails to offer a meaningful definition of fire fighter. The chapter simply provides:
"Fire fighter" includes any fire fighter or emergency worker who is a member of any fire department of any municipality but shall not include full time, paid fire fighters who are members of the Washington law enforcement officers' and fire fighters' retirement system, with respect to periods of service rendered in such capacity.
RCW 41.24.010(3) (emphasis added). Although this provision is self-defining and consequently of little help in defining fire fighter, other provisions in the title indicate that, for purposes of determining pension eligibility in Washington, the legislature intended the term fire fighter to include employees whose job description does not include physically suppressing fires. See, e.g., RCW 41.26.030 (providing a very broad range of job titles).[1] Furthermore, the use of the expansive "`fire fighter' includes" is at least some evidence that the legislature intended to define the term broadly, not narrowly. RCW 41.24.010(3), .010(4) (defining fire fighter to include some other emergency workers).
Chapter 41.26 RCW, which governs the closely related system of retirement plans for full time fire fighters, is also evidence of legislative intent to define the term broadly. For the purposes of that relief and pension fund, a "fire fighter" in Washington State is:
(a) Any person who is serving on a full time, fully compensated basis as a member of a fire department of an employer and who is serving in a position which requires passing a civil service examination for fire fighters, and who is actively employed as such;
(b) Anyone who is actively employed as a full time fire fighter where the fire department does not have a civil service examination;
(c) Supervisory fire fighter personnel;
(d) Any full time executive secretary of an association of fire protection districts authorized under RCW 52.12.031. The provisions of this subsection (4)(d) shall not apply to plan 2 members;
(e) The executive secretary of a labor guild, association or organization (which is an employer under RCW 41.26.030(2) as now or hereafter amended), if such individual has five years previous membership in a retirement system established in chapter 41.16 or 41 .18 RCW. The provisions of this subsection (4)(e) shall not apply to plan 2 members;
(f) Any person who is serving on a full time, fully compensated basis for an employer, as a fire dispatcher, in a department in which, on March 1, 1970, a dispatcher was required to have passed a civil service examination for fire fighter; and
(g) Any person who on March 1, 1970, was employed on a full time, fully compensated basis by an employer, and who on May 21, 1971, was making retirement contributions under the provisions of chapter 41.16 or 41.18 RCW.[2] *825 RCW 41.26.030(4) (emphasis added). Indeed, fire fighters are not just men on the fire line suppressing fires. Chapter 41.26 RCW demonstrates that our legislature sees office management, secretarial work, and other logistical duties as essential components of the broader fire fighting mission,[3] and that the legislature intended to include in the pension plan many of the support personnel who are an integral part of the fire fighting effort. The term "fire fighter" in chapter 41.24 RCW, therefore, should be considered in light of the broad definition provided in chapter 41.26 RCW.
Returning to chapter 41.24 RCW, I note that it similarly defines "[p]erformance of duty" broadly. It includes "any work in and about company quarters, any fire station... or any other place under the direction or general orders of the chief or other officer having authority to order such member to perform such work ... of an emergency nature in accordance with the rules and regulations of the fire department." RCW 41.24.010(5). A broad definition is also in accord with the legislature's general expansion of the scope of coverage over the years. See LAWS OF 1945, ch. 261, §§ 15, 16 (adding pension benefit to an original death, disability, and medical benefit); LAWS OF 1955, ch. 263, § 2 (creating state board to administer chapter 41.24 RCW); LAWS OF 1993, ch. 331, § 1 (adding emergency workers); LAWS OF 1995, ch. 11, § 1 (adding reserve officers).
In the present case where Patricia Schrom and Jane Bloomfield have each served as secretaries and chief financial officers providing administrative, financial, and clerical support to their respective fire districts, they are clearly integral to the fire fighting effort and thus within the class of people for whom the pension plan is intended.
The majority has cited City of Kennewick v. Board for Volunteer Fire Fighters, 85 Wash.App. 366, 933 P.2d 423 (1997) and Campbell v. Board for Volunteer Fire Fighters, 111 Wash.App. 413, 45 P.3d 216 (2002), as support for the position that fire department secretaries are not fire fighters and, thus, not the "participants" contemplated by RCW 41.24.170. The majority's reliance in these cases is misplaced.
RCW 41.24.170 imposes three requirements petitioners must satisfy to be eligible for retirement benefits under the act: (1) he or she must be a participant, (2) he or she must be a member of a fire department or law enforcement agency participating in a statewide pension system, and (3) he or she must have served honorably for a period of 10 years or more as an active member in any capacity for that fire department.
First, while the majority recognizes these requirements and correctly concludes that the determinative inquiry here is whether respondents were participants under prong 1, the majority nevertheless offers prong 3 cases as primary support for its proposition that the women were not participants. Majority at 818. In Kennewick, five former volunteer fire fighters were denied the right to participate in the fund when they engaged in no activity relating to fire fighting, even though they contributed to the fund. Kennewick, 85 Wash.App. 366, 933 P.2d 423. There the court explicitly stated that the issue was whether the fire fighters were active members for the purposes of the statute. In Campbell, a volunteer fire fighter was denied pension benefits when, for a two-year period, he did not engage in sufficient activities relating to fire fighting. Campbell, 111 Wash.App. 413, 45 P.3d 216. During that period, he participated only in spouse appreciation dinners, an annual hose competition, an annual banquet, and a one-day training program. Id. at 415, 45 P.3d 216. Although the Campbell court noted that "participants" and "fire fighters" were relevant terms of the pension provision, the court focused on whether the volunteer was an active member of the department. Id. at 420-23, 45 P.3d 216. Persuaded by Kennewick, the court concluded that he was not an active member. Id. at 423.[4] In the present *826 case the issue is not whether Schrom and Bloomfield were active members[5]if so, the cases would have been illustrativethe issue is whether they were participants.
The majority's interpretationthat participants must suppress fires to be fire fightersalso lacks force because its chief argument is founded on an erroneous premise. In asserting that "participants" must be suppressing fires to be considered fire fighters, the majority cites to relief provisions of the act which apply to a specific group of participants who are injured or killed during the performance of their duties. See majority at 819.[6] The majority asserts that these statutory provisions contemplate that the recipients of these relief benefits possess duties and engage in activities that are especially hazardous. Id. Thus it follows, the majority contends, that since secretaries and administrative workers do not confront perils as do fire-suppressing fire fighters, they cannot likewise be the "participants" the act was intended to protect. Id.
I disagree. While it is certainly clear that relief provisions apply only to those participants injured or killed in the line of duty while responding to acute emergencies, it does not follow that retirement provisions are similarly available only to participants who engage in dangerous activities. Retirement provisions, by their very nature, serve a broader class of participants than relief provisions; thus the majority errs in asserting that the intended beneficiaries of relief benefits also constitute the entire class of beneficiaries of retirement benefits.[7]
Ultimately, statutory construction is the search for the legislature's intent. Sometimes dictionaries are useful in determining legislative intent. This is not one of those cases. Because the legislature intended a broad definition of "fire fighter," I would *827 affirm the Court of Appeals. I therefore respectfully dissent.
JOHNSON and IRELAND, JJ., concur.
MADSEN, J., concurs in result only.
NOTES
[1] The facts pertinent to Ms. Schrom's and Ms. Bloomfield's cases are largely identical. Any differences between their cases are irrelevant to the ultimate legal question presented. To promote simplicity and limit needless repetition we will refer to both Ms. Schrom and Ms. Bloomfield collectively as "respondents" where such collective indication is appropriate. We will refer to them individually where the context so demands.
[2] Under the Act the purported pensioner pays half of the coverage fee which the fire district matches. RCW 41.24.030.
[3] LAWS OF 1935, ch. 121; LAWS OF 1945, ch. 261. The 1935 act provided disability benefits only, whereas the 1945 act added the pension benefit scheme at issue in this case.
[4] Reserve officers are those officers who do not serve on a full-time basis but are still fully commissioned when called to active duty. RCW 41.24.010(9); WAC 139-05-810(1)(a).
[5] See LAWS OF 2003, ch. 62, § 1; LAWS OF 1999, ch. 148, § 15; LAWS OF 1999, ch. 117, § 4; LAWS OF 1995, ch. 11, § 7; LAWS OF 1992, ch. 97, § 2; LAWS OF 1989, ch. 91, § 4; LAWS OF 1981, ch. 21, § 4; LAWS OF 1979, Ex.Sess., ch. 157, § 1; LAWS OF 1973, 1st Ex.Sess., ch. 170, § 2; LAWS OF 1969, ch. 118, § 5; LAWS OF 1961, ch. 57, § 2; LAWS OF 1953, ch. 253, § 3; LAWS OF 1951, ch. 103, § 1.
[6] The remainder of RCW 41.24.170 provides that benefits increase if the participant remains active beyond the 10 year minimum. The requirement to be a participant though exists regardless of how long the person volunteers.
[7] The other referenced sections, though not including the word "participant," do not expand the scope of the Act's reach. RCW 41.24.175 provides pension benefits are "computed in accordance with the last act enacted by the legislature relative thereto." RCW 41.24.176 is a construction clause specifically referencing RCW 41.24.175, labeling it "remedial and procedural." LAWS OF 1959, ch. 9, § 2 (codified at RCW 41.24.176). RCW 41.24.185 allows lump sum pension payments in certain cases.
[8] Thus, the statutory construction principle to construe ambiguous pension statutes "in favor of the party for whose benefit the pension statute was intended," Bowen v. Statewide City Employees Ret. Sys., 72 Wash.2d 397, 402, 433 P.2d 150 (1967), is inapplicable to the case at bar.
[9] The LEOFF Act also includes within the ambit of "[f]ire fighter[s]" "[a]ny full time executive secretary of an association of fire protection districts authorized under RCW 52.12.031." RCW 41.26.030(4)(d). When a fire fighter has failed to properly pay LEOFF coverage fees, he or she may restore service credits after certain prerequisites are met. See RCW 41.26.059; 41.50.165. Respondents' past service may or may not qualify as "fire fighters" to be eligible for LEOFF Act pensions, despite their failure to qualify for the same under chapter 41.24 RCW. The record does not provide us a clear answer, but more importantly that issue is not properly before us. Therefore we express no opinion on the matter.
[10] As such, we express no opinion regarding the requirements to qualify as a different type of "[p]articipant," such as an emergency worker or reserve officer. See RCW 41.24.010(10).
[11] The only case from this court which addressed the Act is wholly immaterial. See Buchanan v. Wash. State Bd. for Volunteer Firemen, 88 Wash.2d 412, 562 P.2d 242 (1977). There a volunteer fire fighter (Buchanan) for one district in Yakima County was visiting friends in a different district when a grass fire broke out. Id. at 413, 562 P.2d 242. A lieutenant from the district in which the fire broke out recognized Buchanan and asked for his assistance. Id. During the fire fight Buchanan became injured and filed a claim for disability benefits. Id. We held Buchanan was so entitled because he became a "member" of the fire district in which he was injured because of "a long-standing policy" where fire fighters from one district would routinely assist other districts. Id. at 415, 562 P.2d 242. The present case is distinguishable because it does not involve whether either respondent became a "member" of her respective fire department, a fact unquestioned here.
[12] This is especially true when we are asked to question the wisdom of how the legislature should allocate public dollars. Forty percent of all taxes received from fire insurance premiums paid in Washington finance the "administrative" fund established by the Act, part of which is used to finance the "principal" fund from which participants are paid their retirement and relief benefits. RCW 41.24.030(1)(h), (4)(a).
[13] Because of the outcome we reach, respondents' motion for attorney fees is denied.
[1] While chapters 41.24 and 41.26 RCW are products of different acts written at different times, they are now part of Title 41 RCW, "Public Employment, Civil Service, and Pensions," and should be read in harmony with one another because they all govern the same body of law.
[2] The only other definition of "fire fighter" in Title 41 RCW is a 1947 statute governing firemen's relief and pensions. That definition states:

"Fireman" or "fire fighter" shall mean any person regularly or temporarily, or as a substitute, employed and paid as a member of a fire department, who has passed a civil service examination for fireman and who is actively employed as a fireman; and shall include any "prior fireman."
RCW 41.16.010(6). Because that definition applies solely to paid individuals who have passed a civil service examination (now not a requirement under RCW 41.26.030, passed in 1992), and because more recent statutes provide better evidence of the current understanding of the term, it is less helpful to our interpretation.
[3] See, e.g., RCW 41.26.030(4)(c) for one definition of fire fighter: "Supervisory fire fighter personnel."
[4] The court also concluded that Campbell's activities did not qualify as a fire fighter, but the court offered no support for this conclusion. See Campbell, 111 Wash.App. at 420-21, 45 P.3d 216.
[5] The majority properly concludes that there is no question that the women were active members since they both continuously served their respective fire departments. Majority at 818. The majority correctly recognizes that in evaluating whether a volunteer is a sufficiently active member, we should focus on the volunteer's level of involvement in department affairs. In Kennewick, the fire fighters engaged in no activity related to fire fighting and were not found to be sufficiently active members. Kennewick, 85 Wash.App. at 370, 933 P.2d 423. In Campbell, the volunteer's activities were described as minor, isolated actions that were not sufficient to make him an active member. Campbell, 111 Wash.App. at 423, 45 P.3d 216. Thus, both cases indicate that quantity of involvement is the crucial inquiry. There is no question here that the women were actively involved in the department's activities.
[6] The majority cites to: RCW 41.24.150 (disability benefits to be paid if "a participant becomes physically or mentally disabled, injured, or sick, in consequence or as the result of the performance of his or her duties"); RCW 41.24.160 (death benefits payable when a participant dies as a result of performing his or her duties); RCW 41.24.210 (time limitation for participant to file report to obtain benefits for illness or injuries sustained performing his or her duties); RCW 41.24.220 (principal fund of act to pay for hospitalization costs of participant incurred treating injuries sustained performing his or her duties); RCW 41.24.230 (principal fund to pay for burial and funeral expenses of participant who dies as a result of performing his or her duties). But these are not retirement benefits paid broadly to participating members; these are special programs targeted at fire fighters injured on the front lines of fire fighting.
[7] The provisions themselves show that relief provisions cater to a narrower class of participants than retirement provisions. Again RCW 41.24.170 is the key retirement provision and applies to participants who meet three requirements:

(1) must be a participant,
(2) must be a member of an eligible fire department....
(3) must have served honorably ... as an active member in any capacity.
This is a broad provision that essentially covers all fire fighters actively involved in the department's affairs. See also RCW 41.24.030(e) ("[w]here a municipal corporation has elected to make the retirement provisions of this chapter available....").
Relief provisions, on the other hand, apply to a narrower group of participants. An injured volunteer fire fighter may receive benefits from the relief fund only if he or she is: (1) a member of a fire department subject to chapter 41.24 RCW, and (2) involved in the performance of duty. See Buchanan v. Wash. State Bd. for Volunteer Firemen, 88 Wash.2d 412, 414, 562 P.2d 242 (1977). Under the second criterion, these relief statutes clearly limit relief to fire fighters who have been injured in the performance of their dutya distinct group of fire fighters. Retirement provisions contain no such limitation. As such, it is error to presume that the narrow class of beneficiaries of relief provisions is the same class of beneficiaries of retirement provisions.