Honorable Pam Roach State Senator, 31st District P.O. Box 40431 Olympia, WA 98504-0431
Dear Senator Roach:
By letter previously acknowledged, you have requested an opinion on the following questions:
 1. Under RCW 9.41.060(1), are corrections officers exempt from the provisions of RCW 9.41.050 that require a concealed pistol license in order to lawfully carry a concealed weapon?
 2. Under RCW 10.93.020(4), are corrections officers (who are given limited commission) limited authority Washington peace officers?
 3. If the answer to the second question is "yes", then under RCW 9.41.010(13), are corrections officers "law enforcement officers"?
 BRIEF ANSWERS
The answer to your first question is a qualified yes. If the corrections officers are full-time, fully compensated officers of the Washington State Department of Corrections, have been empowered by the agency to detect or apprehend violators of the laws in some or all of the areas for which the Department of Corrections is responsible, and have been duly authorized by their
[original page 2] employer to carry a concealed pistol, then they are exempt from the concealed pistol license provisions of RCW 9.41.050. The answer to your second question is also a qualified yes, provided that the corrections officers meet the requirements set forth in that statute. The answer to your third question is yes, meaning that corrections officers who meet these requirements are "law enforcement officers" for purposes of RCW9.41. They may or may not qualify as "law enforcement officers" for other purposes.
 ANALYSIS 1. Under RCW 9.41.060(1), are corrections officers exempt fromthe provisions of RCW 9.41.050 that require a concealed pistollicense in order to lawfully carry a concealed weapon?
This question is answered by analyzing the relevant provisions of RCW 9.41 and RCW 10.93. RCW 9.41.050(1)(a) provides: "Except in the person's place of abode or fixed place of business, a person shall not carry a pistol concealed on his or her person without a license to carry a concealed pistol." However, RCW9.41.060 contains exceptions to this general restriction. It states, in part:
 The provisions of RCW 9.41.050 shall not apply to:
 (1) Marshals, sheriffs, prison or jail wardens or their deputies, or other law enforcement officers
of this state or another state;
 . . .
 (10) Law enforcement officers retired for service or physical disabilities, except for those law enforcement officers retired because of mental or stress-related disabilities. This subsection applies only to a retired officer who has: (a) Obtained documentation from a law enforcement agency within Washington state from which he or she retired that is signed by the agency's chief law enforcement officer and that states that the retired officer was retired for service or physical disability; and (b) not been convicted or found not guilty by reason of insanity of a crime making him or her ineligible for a concealed pistol license.
RCW 9.41.060(1), (10) (emphasis added).
RCW 9.41.010(13) further provides:
 "Law enforcement officer" includes a general authority Washington peace officer as defined in RCW 10.93.020, or a specially commissioned Washington peace officer as defined in RCW 10.93.020. "Law enforcement officer" also includes a limited authority Washington peace officer as defined in RCW 10.93.020 if such officer is duly authorized by his or her employer to carry a concealed pistol.
RCW 10.93.020(4) provides, in part:
 [original page 3] "Limited authority Washington peace officer" means any full-time, fully compensated officer of a limited authority Washington law enforcement agency empowered by that agency to detect or apprehend violators of the laws in some or all of the limited subject areas for which that agency is responsible.
Finally, RCW 10.93.020(2) provides, in part:
 "Limited authority Washington law enforcement agency" means any agency, political subdivision, or unit of local government in this state, and any agency, department, or division of state government, having as one of its functions the apprehension or detection of persons committing infractions or violating the traffic or criminal laws relating to limited subject areas, including but not limited to . . . the state department of corrections.
We have located no cases applying or interpreting these provisions. Accordingly, we give the statutory terms their plain meaning and apply the statutory definitions provided by the Legislature. McGinnis v. State, 152 Wn.2d 639, 645,99 P.3d 1240 (2004); Schrom v. Bd. for Volunteer Fire Fighters,153 Wn.2d 19, 27, 100 P.3d 814 (2004). From this reading, it is apparent that the Legislature has created an exception to the general law requiring concealed weapons licenses for officers of the Washington State Department of Corrections, provided that they meet the requirements set forth in RCW 9.41.010(13) and RCW10.93.020.[1] Retired state corrections officers must also meet the criteria for "law enforcement officers retired for service or physical disabilities" set forth in RCW 9.41.060(10).
We note that your opinion request does not precisely specify the duties that are performed by the "corrections officers" to which your request refers. We thus reiterate that such officers must be full-time, fully compensated officers of the Department of Corrections, they must be empowered by the Department to detect or apprehend violators of the laws in some or all of the subject areas for which the Department is responsible, and they must be duly authorized by the Department to carry a concealed pistol. For example, employees who are part-time officers, or whose duties are either administrative or otherwise do not consist of detecting or apprehending violators of the law, are not exempted from the concealed weapons license requirements of RCW 9.41.050. Assuming that a particular corrections officer meets the above statutory criteria, however, the answer to your first question is yes.[2]
 [original page 4] 2. Under RCW 10.93.020(4), are correctionsofficers (who are given limited commission) limited authorityWashington peace officers?
As the analysis to question 1 indicates, state corrections officers who meet the requirements of RCW 10.93.020(4) are "limited authority Washington peace officers." This means that they must be full-time, fully compensated officers of the Washington State Department of Corrections and must be empowered by the Department to detect or apprehend violators of the law in "some or all of the limited subject areas" for which the Department is responsible. The fact that a corrections officer may have a "limited commission" (in that he or she may be responsible for detecting or apprehending violators of the law in only some, but not all, of the areas for which the Department is responsible) would not disqualify that particular officer from meeting the statutory definition. Assuming these statutory criteria are met, the answer to your second question is yes.
3. If the answer to the second question is "yes", then underRCW 9.41.010(13), are corrections officers "law enforcementofficers"?
As the analysis to Questions 1 and 2 indicates, corrections officers who are full-time, fully compensated officers of the Washington State Department of Corrections, who are empowered by the Department to detect or apprehend violators of the law in some or all of the limited subject areas for which the Department is responsible, and who are duly authorized by the Department to carry a concealed pistol, are "law enforcement officers" pursuant to RCW 9.41.010(13). Thus, they are "law enforcement officers" for purposes of RCW 9.41, unless the context of another statute clearly requires otherwise. RCW 9.41.010. They may or may not qualify as "law enforcement officers" for other purposes. Other statutes (not presented here) would need to be analyzed to answer that question.
We trust that you will find the foregoing to be of assistance.
ROB McKENNA Attorney General
GREGORY J. TRAUTMAN Assistant Attorney General
:pmd
[1] We assume your use of the term "corrections officer" refers to certain employees of the Washington State Department of Corrections. If there are others in the state (including those employed by local government) with the job title "corrections officer", the analysis in this opinion would be used to determine whether they meet the statutory requirements for carrying a weapon without having a concealed weapon permit. Since we do not have information about the duties of these officers, this opinion should not be construed as automatically applying to them.
[2] In this regard, we note that your opinion request also refers to the portion of RCW 9.41.060 that states that the concealed weapons license requirements shall not apply to "prison or jail wardens or their deputies." (Emphasis added.) We conclude that corrections officers are not included within this term. The statutes have provided an exemption for "prison or jail wardens or their deputies," as well as for "law enforcement officers," since 1935. Laws of 1935, ch. 172, § 6. Neither of these terms originally were statutorily defined to include corrections officers. In 1996, however, the Legislature amended RCW 9.41.010 to expressly include certain corrections officers within the definition of "law enforcement officer" as set forth in the statutes referenced above. Laws of 1996, ch. 295, § 1(13). Such legislation would have been superfluous if corrections officers had already been exempted from the concealed weapons license requirements as "deputies" of prison or jail wardens. Since the Legislature is not presumed to have deliberately engaged in unnecessary or meaningless acts, Aviation West Corp.v. Dep't of Labor Indus., 138 Wn.2d 413, 421, 980 P.2d 701
(1999), we conclude that while corrections officers may qualify as "law enforcement officers," they are not included as "deputies" of prison or jail wardens.