IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| WINSTON DURHAM, | ) | No. 40211-8-III |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| WASHINGTON STATE UNIVERSITY, | ) | |
| | ) | |
| Respondent. | ) | |

MURPHY, J. — Winston Durham (Durham) appeals the trial court's denial of his petition for review of a final administrative order. Our review is of the administrative order. *Schrom v. Bd. for Volunteer Fire Fighters*, 153 Wn.2d 19, 24, 100 P.3d 814 (2004).

The final administrative order came from the Washington State University (WSU) Appeals Board (Board). The Board's amended order sanctioned Durham and ordered him to complete 80 hours of community service.

The sanction and penalty were based upon the following findings: (1) Durham was a WSU student on June 11, 2022; (2) On that day, a Pride in the Park event celebrating the LGBTQ+ community occurred in Coeur d'Alene, Idaho; (3) Acting on a tip, the Coeur d'Alene police department stopped a U-Haul headed toward the event because a group inside the vehicle intended to incite a physical confrontation; (4) 30 individuals, including Durham, were found in the U-Haul with accoutrements consistent with

disrupting the event, including at least one smoke grenade; and (5) The police

investigation concluded that the group intended to use smoke grenades to disrupt

the event. Based on these findings, the Board concluded that Durham violated

former WAC 504-26-216 (2014) (attempted disorderly conduct) and WAC 504-26-210

(violation of law).

Durham does not contest the findings or conclusions. Rather, he argues the Board

lacked subject matter jurisdiction over his off-campus conduct.

WAC 504-26-015 provides in relevant part:

> (2) Off-campus conduct. . . . [T]he standards of conduct may apply
> to conduct that occurs off university premises and not in connection with
> university-sponsored activities, if the conduct adversely affects the health
> and/or safety of the university community or the pursuit of the university's
> vision, mission, or values.
> *The university has sole discretion to make this determination.* In
> making this determination, the conduct officer considers whether the
> alleged conduct:
> . . . .
> (e) Was recognized by onlookers, complainants, or witnesses as
> being carried out by a student or registered student organization.

(Emphasis added.)

Early on, Durham objected to WSU disciplining him for off-campus conduct.

WSU responded by letter and either by attachments to the letter or separately provided

Durham with the factual basis for its assertion of jurisdiction. Its basis for asserting

jurisdiction was an anonymous student report, which included links to news articles and a

recording. The anonymous student report and links identified Durham as one of the individuals in the U-Haul who had intended to disrupt the June 11, 2022, Pride in the Park event.

Durham argues that WSU's authority to discipline off-campus conduct under WAC 504-26-015(2) goes beyond its statutory jurisdiction. In support of his argument, he cites *Barlow v. State*, 2 Wn.3d 583, 540 P.3d 783 (2024) and *Brown v. Arizona*, 82 F.4th 863 (9th Cir. 2023). Those cases discuss a university's duty to protect students who are off campus. Neither case suggests that a university's authority to discipline a student is limited by its duty to protect students. To the contrary, *Barlow* states, "The code of conduct is irrelevant to establishment of a duty." 2 Wn.3d at 597.

Durham next argues that an anonymous student tip is insufficient on which WSU could base its jurisdiction. We disagree. The anonymous student tip and attachments are part of the agency record. Under WAC 504-26-015(2), the conduct officer has sole discretion whether to exercise discipline authority for off-campus conduct. Durham does not challenge this aspect of the rule. Rather, he makes a "substantial evidence" argument and asks us to weigh the anonymous tip against evidence that his conduct did not tie him to WSU. But because the (unchallenged) rule gives the conduct officer sole discretion to make this determination, we defer to the officer's determination.

No. 40211-8-III
*Durham v. Wash. State Univ.*

Affirmed.[1]

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Murphy, J.

WE CONCUR:


_____        _____
Lawrence-Berrey, C.J.                   Fearing, J.

---

[1] Durham's motions to amend his opening brief are mooted by our review of his "substantial evidence" argument. WSU's motion to add evidence (further identifying Durham as one of the persons arrested) is denied because it is not necessary for us in reaching our decision. RAP 9.11(a).